# Borough of Dunmore's Appeal.

1. A township being in debt, four boroughs were erected out of it. An act was afterwards passed authorizing commissioners to ascertain the indebtedness of the township and the amount due from the boroughs respectively, and make a just distribution of the indebtedness between the township and boroughs, and requiring all persons having "claims" to present them; an appeal was authorized from the decision of the commissioners " on such claims." *Held,* that an appeal was allowed only between the creditors and the township, and that the boroughs could not appeal from the apportionment of the debt.

2. Municipal corporations being creatures of legislation, have no constitutional guaranty of trial by jury, and such trial may be denied to them.

APPEAL from the decree of the Court of Common Pleas of *Luzerne county.* In Equity.

The township of Providence in Luzerne county had become largely indebted, and part of her territory was incorporated as the "Borough of Providence." The indebtedness of the township was afterwards increased, and out of her remaining territory

[Borough of Dunmore's Appeal.]

the boroughs of Hyde Park, Scranton and Dunmore, were successively erected; the whole debt remaining on the township.

By an Act of Assembly passed April 10th 1862, § 9, Pamph. L. 528, the Court of Common Pleas was directed to appoint three "commissioners, for the purpose of ascertaining the present indebtedness of said township of Providence, and what amount, if any, of the same is due and owing from the boroughs of Providence, Hyde Park, Scranton and Dunmore, respectively, and to make a just and equitable distribution, on oath, of the balance of said indebtedness between" the township and the four boroughs; requiring all persons having "claims" to present them, and the commissioners to "determine and decide upon the validity and amount of the said claims, and their decision shall be final on all such claims, unless either party, within twenty days after the same shall be given, shall appeal to the Court of Common Pleas of Luzerne county, which appeal is hereby authorized," &c.; the act provided for calling parties before the commissioners, enforcing the award, as to apportionment of the debt, by attachment, &c.

The commissioners reported that $3877.08 was the indebtedness of the borough of Dunmore to the township; the borough appealed. The Court of Common Pleas struck off the appeal, which was the error assigned.

*Hand* and *Post*, for appellants.

*G. M. Harding* and *A. H. Winton*, for appellees.

The opinion of the court was delivered, October 17th 1866, by WOODWARD, C. J.—Providence township in Luzerne county became many years ago largely indebted. Subsequently a village which had sprung up in her midst, was incorporated under the name of the borough of Providence. After this the indebtedness of the township was further increased. Next the borough of Hyde Park was erected, and then the borough of Scranton, and finally the borough of Dunmore, all out of the territory of old Providence, leaving only the poorest part of the township encumbered with the whole indebtedness. Under the general Acts of Assembly existing in 1862, no part of this indebtedness of the present township could be charged against the boroughs to which she had given birth, except that "incurred for road purposes," and as this touched but an inconsiderable portion of the debt, a special Act of Assembly of 10th April 1862, was obtained for apportioning the debt between the township and the boroughs. See Pamph. L. p. 528.

This act contemplated two purposes, 1st, by means of three commissioners appointed by the Court of Common Pleas of Luzerne county, to make a just and equitable distribution of the

[Borough of Dunmore's Appeal.]

balance of said indebtedness between the townships and the several boroughs, and 2d, to bring in by advertisement, before the same commissioners, all the creditors of Providence township, and to settle and fix the amount of their respective claims against the township. The commissioners were to act as arbitrators between the township and boroughs, and between the township and creditors, and in the latter case an appeal was given to either party who should be dissatisfied with their award, but no appeal from their award in the former case was given by the act. The language of the act is such that the right of appeal must necessarily be limited to the controversy between the township and her creditors, or any of them. We see no evidence of a legislative intent to give an appeal as between the township and the boroughs.

Yet this appeal was taken by the borough of Dunmore from the apportionment made by the commissioners. The court upon motion struck it off, and that is one error assigned upon the record.

The act, after providing for notice to creditors to present their claims, declares that " the said commissioners shall then determine and decide upon the validity and amount of the *said claims*, and their decision shall be final on all *such claims*, unless either party within twenty days shall appeal, &c." Either party here means the township of Providence, or a creditor who presents a claim. But after the apportionment among the boroughs, the act requires the commissioners to notify the said several boroughs and township of the amounts they are respectively required to contribute towards the payment of the said indebtedness, and in case the proper authorities neglect or refuse to pay, the Court of Quarter Sessions is to enforce payment by attachment, a proceeding which excludes the idea of an appeal, an issue and a judgment at law.

This legislation is unprecedented and perhaps severe, but it denies trial by jury only to municipal corporations, who being creatures of the legislative power, are subject to the legislative will in a manner and to an extent to which citizens are not. The constitutional guarantees of the citizen were respected in giving him a right of appeal; the municipal corporations having no such guaranties, the right of appeal was not given to them. The theory of the act was therefore unexceptionable, and we have no reason to doubt that its operation in the peculiar circumstances of the case was beneficent and just.

The decree is affirmed.