Carroll's Appeal.

Fairley's Appeal.

Argued October 3, 1939.  Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

258

*John R. Bentley,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellant.

*Charles B. Prichard,* with him *Charles D. Coll,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 27, 1939:

These appeals are by the Director of the Department of Public Safety of the City of Pittsburgh from an order of the lower court in the one case sustaining the action of the Civil Service Commission in upholding the dismissal of an employee, under given conditions, and in the other denying the Director, the removing officer, the right to appeal. Appellee has filed motions to quash the appeal in both cases.

While the Act of May 31, 1933, P. L. 1108, Sec. 10, relating to dismissal of City employees makes provision for an appeal from the Commission to the courts by an employee, it makes no provision for an appeal by the removing officer; on the contrary the Act prevents such appeals. Section 10 provides: "In the event that the civil service commission shall sustain the action of the removing officer, *the person removed* shall have the immediate right of appeal to the court of common pleas. . . . Any *employee* dissatisfied with the decision of the court of common pleas shall have the right of appeal to the Su-

preme Court." The pointed omission of reference to a right of appeal in the removing officer clearly evidences the legislature's intent that only the employee or person removed is to enjoy the privilege. The legislature may in establishing new forms of procedure place limitations upon the right of appeal. See *Grime et al. v. Department of Public Instruction et al.*, 324 Pa. 371; *White Township School Directors Appeal*, 300 Pa. 422; *Twenty-First Senatorial District Nomination*, 281 Pa. 273; *Borough of Dunmore's Appeal*, 52 Pa. 374. An Act of Assembly is not invalid because the legislature denies the right of appeal to a municipality or its officers while granting it to the other party to the controversy. Municipalities are agents of the State, and it may exclude them from the benefits it gives to individuals. *Borough of Dunmore's Appeal*, 52 Pa. 374. While the legislature may deny the right of appeal from an administrative tribunal or lower court, it cannot deprive this Court of its judicial power to review a case on certiorari, limiting its consideration by the nature of the question involved usually to the jurisdiction and the regularity of the proceedings. *Grime et al. v. Department of Public Instruction et al.*, 324 Pa. 371, 374-75; *White Township School Directors Appeal*, 300 Pa. 422, 425; *Twenty-First Senatorial District Nomination*, 281 Pa. 273, 279. But where an act creating a new statutory remedy deprives one of the parties of the right of appeal, this Court cannot review the merits of the controversy. In this light, the court below had jurisdiction to enter the orders complained of; quashing the appeal of the Director was proper, and in the other appeal in affirming the Commissioner's reinstatement of the employee for a two-week pay period it had jurisdiction over the cause of action and the parties.

Even if the appellant had not thus been denied the right of appeal to this Court, his position in these appeals would be governed by the Act of June 27, 1939, P. L. 1207, (No. 405), which provides, in Section 6:

"Any employee so charged, who shall be dissatisfied with the decision of the court of common pleas, shall have the right to appeal to the Supreme Court of Pennsylvania. Neither the city, the removing officer, nor any person other than the employee so charged shall have any right of appeal either to the court of common pleas or to the Supreme Court of Pennsylvania." This Act became effective prior to the filing of these appeals and consequently is determinative of appellant's status.

The appeals are dismissed, at appellant's cost.