PRUITT *et al. v.* DEAN *et al.*

(In Banc. March 12, 1945. Suggestion of Error Overruled April 23, 1945.)

[21 So. (2d) 300. No. 35801.]

**L. E. Farley** and **Kenneth Rayner,** both of Memphis, for appellants.

Gerald Chatham, of Hernando, for appellee, S. B. Dean.

**R. F. B. Logan,** of Hernando, for appellee, J. W. Pounders, Sr.

Argued orally by **Kenneth Rayner,** for appellants, and by **R. F. B. Logan,** for appellees.

**McGehee, J.**, delivered the opinion of the court.

The appellants, John Pruitt and others, seek to cancel as a cloud upon their title to certain lands in DeSoto County, two foreclosure sales thereof made on January 5, 1934, and the trustees' deeds made pursuant thereto in favor of the appellee, S. B. Dean, as purchaser, together with a subsequent conveyance from the said Dean to the appellee J. W. Pounders, Sr., for a part of the lands involved.

Upon the hearing the defendants demurred to the bill of complaint, as amended, the demurrers were sustained, and the suit was dismissed. While the order dismissing the bill was a final decree, the same purported to allow this appeal to settle the controlling principles of the case, and it does not appear as to whether or not the complainants were afforded an opportunity to plead further, and declined to do so, upon the sustaining of the demurrers, and before the suit was finally dismissed.

The bill of complaint alleged that John Pruitt, Sr., died intestate seized and possessed of the N. E. ¼ of Section 30, except the W. ½ of the W. ½ thereof, and also the W. ½ of the N. W. ¼ of Section 29, Township 2, Range 8 W., in DeSoto County; that thereafter on March 8, 1929, three of the then sole surviving heirs at law of the said John Pruitt, Sr., deceased, executed and delivered a deed of trust conveying the said lands to J. R. Tipton, as trustee for Dean & Company, to secure an indebtedness of approximately $3,400; and that thereafter on June 1, 1929, the remaining heir at law of the said John Pruitt, Sr., deceased, executed and delivered to Grady Johnson, as trustee for Dean & Company, a deed of trust on the W. ½ of the W. ½ of the N. E. ¼ of said Section 30, and all of his claim and interest in the W. ½ of the N. W. ¼ of said Section 29 to secure an indebtedness owing by him to Dean & Company amounting to $1,129.47, but fails to allege whether or not the said remaining heir at law then owned an interest in the N. E. ¼ of said Section 30 other

than W.½ of the W.½ thereof, and the case proceeded in the trial court as if the remainder of the said N. E.¼ belonged solely to the three heirs who had executed the deed of trust of March 8, 1929, in favor of J. R. Tipton, trustee.

The validity of the title claimed to have been acquired by the appellee S. B. Dean at the foreclosure sale is challenged on two grounds, (1) that the said lands were not advertised for sale pursuant to the terms and provisions of the deeds of trust, in that the deed of trust in favor of J. R. Tipton, trustee, provided for the sale of the land to be made by him "after giving notice of the time, place and terms of the sale, by advertisement posted at least —— days, according to law, before the day of sale in three public places in DeSoto County," and that the deed of trust in favor of Grady Johnson, trustee, provided for the sale of the land to be made by such trustee "after giving notice of the time, place and terms of sale, by advertisement posted at least —— days before the day of sale in three public places, according to law, in DeSoto County," whereas it is alleged that each of said trustees advertised the land described in the deeds of trust, respectively, for sale after having published a notice in the "Times Promoter," a local newspaper, for three consecutive weeks next preceding the date of sale and after having posted a copy of such notice of the sale at the courthouse at Hernando, in DeSoto County, and without having posted a notice in two additional public places other than the courthouse in said county, for said length of time; and (2) because the deed executed by J. R. Tipton, trustee, discloses that he conveyed to the purchaser at such sale, along with the lands situated in the N. E.¼ of Section 30, the W.½ of the N. E.¼ of Section 29, instead of the W.½ of the N. W.¼ thereof, the latter eighty acres being that owned by the grantors named in the deed of trust, and having been correctly described therein.

We shall discuss these two grounds of objection to the sale in their reverse order, and it should be here stated

that the bill of complaint does not allege that the W.½ of the N. W.¼, Section 29, was not described in this trustee's notice of sale. It is urged, however, in the brief of counsel for the appellants that it should be presumed that in executing the trustee's deed the draftsman thereof followed his notice of sale as to the description when he undertook to convey to the purchaser the W.½ of the N. E.¼ of Section 29, instead of the W.½ of the N. W.¼ thereof. But we are of the opinion that there is no better reason for indulging this presumption than there would be for presuming that the trustee in preparing his notice of sale had embodied therein the description of the lands found in the deed of trust, which he evidently had before him, when preparing such notice.

However, the real difficulty confronting the Court in the above matter is that the trustee's deed executed by the said Tipton, trustee, and made an exhibit to the bill of complaint, refers to the "hereinafter described land" and recites that he had advertised "said land" for sale, and then proceeds to thereafter describe the land and convey the same by describing it in his deed as the W.½ of the N. E.¼, Section 29, instead of the W.½ of the N. W.¼ thereof. Since the bill of complaint seeks to cancel the said trustee's deed, and makes the same an exhibit thereto, the recitals of the exhibit will control as against the allegations of the bill of complaint, and particularly as against the failure of the bill to allege as to whether or not he advertised the W.½ of the N. E.¼ of Section 29, instead of the W.½ of the N. W.¼ thereof. In other words, the exhibit recites what the trustee did, and its recitals control on demurrer as to what land was advertised for sale.

To meet the situation thus presented in view of the holding of this Court in the cases of Hesdorffer v. Welsh, 127 Miss. 261, 90 So. 3, and Hancock et al. v. Pyle et al., 191 Miss. 546, 3 So. (2d) 851, wherein it was said to be in the interest of the mortgagor and essential to the validity of a foreclosure sale that the land be correctly described

198 Miss.—6.

in the notice of sale in order that prospective bidders may know what land is to be offered, the appellees state in their brief that when the complainants made the trustee's deed, executed by Tipton, trustee, an exhibit to the bill of complaint, they failed to copy from the deed records of the county the said instrument in its entirety in that they failed to copy as a part of such exhibit the printer's proof of the publication of said notice; and the appellees say that they have therefore copied the said trustee's deed from the record in its entirety and file the same as an addenda to their brief, showing that the land was, in fact, correctly described in the notice of sale as being the W.½ of the N. W.¼, Section 29, instead of the W.½ of the N. E.¼ thereof. However, since this proof of publication of notice does not appear in the record, as filed in this court, we are not at liberty to look to this addenda to the appellees' brief as a part of the record on appeal. And when the addenda is disregarded it will be readily seen that the bill of complaint states a ground for relief under the decisions above referred to, and that, therefore, the bill of complaint was good against a demurrer in so far as the foreclosure by the said Tipton, trustee, is concerned, and that since Pounders purchased from Dean a part of the land involved in said foreclosure, both of them should have been required to answer the bill and show the true facts as to whether or not the notice of sale had erroneously described the land which was being offered for sale.

If the fact is that the land owned by the mortgagors as described in the deed of trust was correctly described in the notice of sale, then the purchaser at such sale would have been entitled to receive at any time a corrected deed from the trustee, describing the land conveyed by the deed of trust, offered for sale under the notice, and struck off to the purchaser; and, moreover, the complainants could not have urged any valid objection to such corrected deed being executed. Nor would they be entitled in such event to have the trustee's deed cancelled as actually executed

solely on the ground that the same attempted to convey the W.½ of the N. E.¼ of Section 29, not described in their deed of trust, since they claim no interest therein. Moreover, they allege in their bill that the purchaser at the sale made by Tipton, trustee, on January 5, 1934, went into possession of the lands described in the deed of trust and that he and his vendee have been in possession thereof since the date of such sale.

The error in description hereinbefore referred to did not appear in the foreclosure sale made by Grady Johnson, trustee, and therefore the sale under such foreclosure is valid so far as that objection is concerned.

It now becomes necessary to determine whether or not both of the sales were rendered invalid because of the alleged failure of the trustees to comply with the terms of the deeds of trust in regard to where the notices of sale should be posted.

While the question is not free from difficulty, we are of the opinion that since it is conceded that printed forms were used for the execution of both deeds of trust, which provide, in printed language, for the sale of the land to be made in the event of default ''after giving notice of the time, place, and terms of sale, by advertisement posted at least —— days before the day of sale in three public places in DeSoto County,'' and that this printed provision was modified by the draftsman of such deeds of trust, either with pen and ink or by typewriter, before their execution, by inserting in the said quoted printed provision in the deed of trust in favor of the said Tipton, trustee, immediately after the words ''posted at least —— days,'' the words ''according to law,'' and by inserting in the said quoted printed provision in the deed of trust in favor of Grady Johnson, trustee, after the words ''in three public places'' the words ''according to law,'' the parties intended that the words ''according to law'' in each of said deeds of trust should be substituted for the entire printed provision hereinbefore quoted relating to how the notice of the time, place, and terms of sale

should be given; that is to say, that since the quoted provision, as a whole, in the printed form, dealt with the matter of how the sale should be advertised, and real estate, as well as personal property, was being conveyed by the deeds of trust, the parties in modifying such provision by inserting the words ''according to law'' intended that the sale should be advertised only in the manner then provided by law under Section 2772, Code 1906, Section 2431, Hem. Code of 1927, Section 2167, Code 1930, which were in force at the time of the execution of the deeds of trust and the foreclosures thereof, and which statutes provide that the advertisement of the sale of lands ''under mortgages and deeds of trust . . . shall be . . . for three consecutive weeks preceding such sale, in a newspaper published in the county . . . and by posting one notice at the courthouse of the county where the land is situated, for said time, . . . No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary.''

Although it was held in construing the above quoted statutory provision in the case of Wilczinski v. Watson, 110 Miss. 86, 69 So. 1009, that such statute does not take away the right of the parties to contract for a longer period of advertisement, or for other additional safeguards for the benefit of the mortgagors, and that where the deed of trust involved in that case provided for thirty days advertised notice of sale, a sale made after only twenty-two days of publication of the notice of sale did not comply with the terms of the deed of trust and was therefore void, it is nevertheless true that the question for decision in the case at bar is controlled by whether or not the parties intended by the use of the term ''according to law'' that these sales, respectively, should be advertised by publication in the county newspaper for three weeks preceding the sale, and by posting a copy of the notice at the courthouse door—thereby fully complying with the law—and in addition thereto by posting such

copy in two public places in the county other than the courthouse, or, on the other hand, intended by the insertion of the words "according to law" to thereby substitute the statutory method of advertising the land for sale in lieu of the entire printed provision in the deed of trust hereinbefore quoted dealing specifically with the question of how the lands should be advertised for sale. The trial court adopted the latter view.

It will be observed that the statutory provision in question relates not only to the length of time within which the notice of sale is to be published and posted but also as to where it is to be done, and since the printed provisions in the two deeds of trust here under consideration when providing for the sale to be made "after giving notice of the time, place and terms of sale, by advertisement posted at least —— days before the day of sale in three public places" dealt with both the time within which and the places where the advertisement was to be made, it would appear that the contention of the appellees is sound when they say that in modifying the quoted printed language by inserting with ink or typewriter the words "according to law," the modification not only prescribed the length of time but also the places where the advertisement should be made in lieu of the printed provision in that behalf, and was intended as a substitute therefor. It will be noted that the words "in three public places in DeSoto County" are a part and parcel of the entire clause requiring notice of the sale to be given "by advertisement posted at least —— days before the day of sale in three public places in DeSoto County." And it would therefore seem to be the more reasonable construction to hold that since "according to law" has reference to the statute dealing with both the time within which and the places where the notice shall be published and posted, the insertion of such term was intended as a substitute for the entire printed provision in that behalf. If it had been provided that the advertisement should be "according to law" and also "in three public places,"

the sale as made would be void under the Wilczinski case, supra, the provision being a matter of contract.

While not controlling on the question it would seem from the fact that the sufficiency of the publication was not challenged by the mortgagors for nearly nine years after the sale, during all of which time the purchaser and his vendee were in possession of the land, the parties themselves must have understood that the insertion of the words "according to law" in the printed form, instead of filling in the blank space therein, was intended to substitute the statutory method of advertisement in lieu of the incomplete printed provision for the sale to be advertised by posting notice "at least —— days before the day of sale in three public places in DeSoto County" —a meaningless provision without the insertion of the words "according to law."

On the other hand, the argument is somewhat persuasive that the insertion of the words "according to law" was intended as a substitute only for the words "posted at least —— days," and that the stipulation for the sale to be advertised "in three public places in DeSoto County," not having been eliminated, the same remained in full force and effect. However, we are of the opinion that the contrary view hereinbefore stated by us is the better one under the circumstances.

In so holding, we are not unmindful of the rule that while written (or typewritten) parts of a contract prevail over the printed part, it is nevertheless true that whenever it is possible by any reasonable interpretation, when there is no conflict or inconsistency between the two, they should be reconciled so as to give effect to both. However, we have decided after a careful study of the instruments in question that a reasonable interpretation of them leads only to the conclusion that the inserted typewritten words in reference to how the lands were to be advertised had the effect of superseding the printed provision in regard thereto in its entirety.

From what we have said it follows that the bill of complaint stated no ground for relief as against the foreclosure under the deed of trust in favor of Grady Johnson, trustee, and none against the foreclosure under the deed of trust in favor of J. R. Tipton, trustee, except, as hereinbefore stated, on the ground that it affirmatively appears from the record now before us, and particularly from the recitals of the trustee's deed made by Tipton, that the mistake in the land description affected his notice of sale as well as his deed to the purchaser.

The cause having been heard only on demurrer, the same must, therefore, be reversed and remanded.

Reversed and remanded.

**L. A. Smith, J.**, recused himself.

### On Suggestion of Error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

Appellees, in a combination motion and suggestion of error, have stated that the two trust deeds exhibited by them to the bill herein were copies of certified copies of the recorded instruments as furnished to them by the chancery clerk, and which certified copies so furnished were erroneous and not true copies of the recorded instruments, especially in respect to the requirements for advertising the property for sale, and they ask that we grant permission to them to amend their bill so as to exhibit true and correct copies of such instruments and present the true facts to the lower court.

Our original opinion herein does not preclude such amendment, or any other proper amendment, or pleading, by either side, in the further trial of the cause in the lower court, but application so to do, if permission is needed, should be made to the chancellor.

Suggestion of error overruled.