McLeod v. Civil Service Commission of Jackson.

(In Banc. April 23, 1945.)

[21 So. (2d) 916. No. 35803.]

**J. G. Burkett** and **W. E. Gore**, both of Jackson, for appellant.

Green & Green and **W. E. Morse**, all of Jackson, for appellee.

Joseph A. Padway and Robert A. Wilson, both of Washington, D. C., for American Federation of Labor, amicus curiae.

Argued orally by **W. E. Gore**, for appellant, and by **Garner Green** and **W. E. Morse**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was a member of the police force of the City of Jackson, Mississippi. He was discharged by the mayor and commissioners of the city. An order of the city's Civil Service Commission approving this discharge was affirmed by the court below, and the appellant has brought the case to this Court.

The record filed by the Civil Service Commission in the court below includes a stenographer's transcript of evidence heard by the Commission. When the case came on for trial in the court below, several motions were filed, among which is one by the appellee to strike the transcript of the evidence heard by the Civil Service Commission from the record, and one by the appellant for a trial by a jury. These motions were heard and decided together. The one for the appellee was sustained, and the one for the appellant was overruled, and a judgment was then rendered for the appellee, all of which appear in the same order or judgment.

The appellee challenges the efficacy of the appellant's appeal bond for this appeal, the constitutional validity of Chapter 208, Laws of 1944, which governs here, and the right of the appellee to an appeal to this Court. One of the appellant's complaints is the overruling of his motion for a jury trial.

The challenge of the constitutional validity of this statute is without substantial merit, and while no appeal is granted by it from the circuit court to the Supreme Court, such an appeal is within the provision of Section 1147, Code of 1942. The Civil Service Commission created by this statute is an agency of the municipality it serves. It has a number of duties to perform, one of which is, under Section 10 of the statute, to investigate the discharge of a policeman by the municipal authorities and determine whether or not the discharge was made for political or religious reasons or in good faith for cause. In other words, it is an agency of the muncipality for enforcing the Civil Service requirements of the statute, and makes, when called on so to do, the city's final decision as to whether a policeman shall be discharged. The parties to such controversy from its inception to its final decision by the city's Civil Service Commission are the policeman and the city in its corporate capacity. This being true, the obligee in the appellant's appeal bond should have been the City of Jackson instead of, as here is, the Civil Service Commission of Jackson, Mississippi. This defect in the bond, however, is cured by Secton 1673, Code of 1942.

The statute does not provide for the making of a transcript of the evidence before the Civil Service Commission, a part of the record on an appeal to the circuit court, but expressly provides that "the accused shall have the right of trial by jury;" i. e., a trial de novo before a jury under the guidance and control of the trial judge, each of these branches of the court discharging the same functions that it always does in trials therein. The appellant's motion for a jury trial was not necessary, for in the absence of waiver of that right, it was the duty of the trial judge to try the case only with the assistance of a jury. For the error committed by the court below in trying this case without a jury, its judgment must be, and is

Reversed and remanded.