PRUITT *et al. v.* DEAN *et al.*

(In Banc.   May 27, 1946.)

[26 So. (2d) 342.   No. 36137.]

**Kenneth Rayner** and **L. E. Farley,** both of Memphis, Tenn., for appellants.

**R. F. B. Logan,** of Hernando, for appellee, J. W. Pounders, Sr.

Gerald Chatham, of Hernando, for appellee, S. B. Dean.

Argued orally by **Kenneth Rayner**, for appellants, and by **R. F. B. Logan** and **Gerald Chatham**, for appellees.

**Alexander, J.**, delivered the opinion of the court.

This cause comes for the second time to our docket. Appellants filed their bill to set aside two foreclosures of deeds of trust and the respective trustee's deeds. The facts appear in our former decisions. 198 Miss. 71, 21 So. (2d) 300, 21 So. (2d) 916.

The former cause was remanded, thus allowing appellants an opportunity to show that the posted advertisement or notice of sale erroneously described the lands. In our opinion upon suggestion of error (198 Miss. 71, 21 So. (2d) 916), it was made clear that upon remand complainants could make such amendments to their bill as they were advised were proper.

Upon the second trial, the cause was heard upon an amended bill which alleged that "The said trustee omitted and failed to advertise, sell or convey said West Half of Northwest Quarter of said Section 29, which was part of the security conveyed by said trust deed." This allegation taken in connection with the full context of the bill as amended made it secure against demurrer. Yet, the allegation was supported by an exhibit which disclosed the trustee's deed and the proof of posting notice. The former reveals that the lands conveyed were erroneously described. The latter alleges that the posted notice of sale described the lands as those in the trustee's deed (which was an erroneous description) and also as those set forth in the newspaper notice (a correct description). We see at once that the exhibit whose function is to aid and clarify the allegations of the bill, serves, by its self-contradictions, only to confuse. The only issue remaining is whether the posted notice correctly described the lands. The defendants were therefore compelled to meet the allegations of the amended bill as to

the establishment of which the complainants were entitled to their day in court.

The contention is again made that the interlineation by typewriter of the phrase "according to law" in the deeds of trust leaves unimpaired the contractual requirement that notice of foreclosure be posted at three public places. But for the amended bill which, by attaching photostatic copies of the original deeds of trust, shows insertion of the quoted phrase at positions different from those formerly assumed by us, the appeal here would constitute but an additional suggestion of error.

The corrected record now shows that the cited phrase was however inserted substantially at the point indicated in our former opinion in the Tipton deed of trust. In other words, both deeds of trust now are in the same aspect and our conclusion that the location of the insertion above the language "posted at least ——— days" superseded the entire printed provisions as to advertisement, requires us to affirm the chancellor's decree sustaining the demurrers on this ground. As before, however, we remand the cause for further hearing upon the issue raised by the complainants' contention that the posted notice of the lands in the Tipton deed of trust incorrectly described the lands.

Reversed and remanded.