## International Brotherhood of Electrical Workers Local B-98 Appeal

*E. Davis* and *S. H. Handler*, for appellant.

*T. M. Chidsey*, Attorney General; *M. L. Rutherford*, Deputy Attorney General, and *G. L. Reed*, for Pennsylvania Labor Relations Board.

*P. B. Willauer*, *A. H. White*, *F. L. Ballard*, and *H. C. Conner, Jr.*, for Philadelphia Transportation Co.

*S. G. Handler* and *W. G. Walsh*, for Electrical Workers, Pennsylvania Federation of Labor.

*H. H. Silver* and *H. Sacher*, for Transport Workers Union.

PER CURIAM, January 24, 1948.—This matter is before us a second time, this time on the appeal of Transportation Division of Local Union B-98, International Brotherhood of Electrical Workers, affiliated with the American Federation of Labor (which we will continue to call electrical workers local), the unsuccessful union at an election held March 25, 1947, to determine if the majority of the employes of the craft in question desired to be represented by a craft unit.

These entire proceedings had their inception, December 11, 1944, when electrical workers local filed a petition with the Pennsylvania Labor Relations Board, asserting a question of representation had arisen concerning the appropriate unit for purposes of collective bargaining between the Philadelphia Transportation Company and certain of its employes. These employes were designated as, "Electrical workers in the fol-

lowing company-designated departments: Overhead, underground, substation and elevated electrical; comprising the line electrical group, composed of linemen, junior linemen, emergency operators, inspectors, helpers; the electrical operating group, composed of substation operators and helpers; and the maintenance, construction and repair group (electrical) composed of wiremen, signal men, cable splicers and helpers". Evidence produced at the original hearings indicated all these persons were employed within the maintenance unit of the company, and numbered 324. Of this number, 204 had been admitted to membership in electrical workers local. Under the mistaken belief that the election among the employes should be limited to those persons who were members of the craft union, the board designated the 204 employes who were members as the only persons eligible to vote at an election which took place September 5, 1945. (See section 7(*b*) of The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of June 9, 1939, P. L. 293, sec. 1, 43 PS §211.7(*b*).) The assembly amended section 7(*b*) in June 1945, effective September 1, 1945 (43 PS 211.7(*b*), increasing the number of persons eligible to vote at such elections, by providing that all members of the craft, whether members of the craft union or not, were to signify whether the craft unit, not the craft union, was the desired unit. We returned the record to the board for further proceedings, after determining the election should have been thrown open to all members of the craft unit, the election having taken place after the 1945 amendment became effective.

When the matter was returned to the board, electrical workers local filed a motion to amend its petition for investigation and certification, paragraph 6, by deleting the reference limiting the petition to members of the craft union, and substituting therefor the statement that a question of representation had arisen be-

cause "a majority of the employes employed by the Philadelphia Transportation Company as electricians or as assistants in electrical operations which constitutes a craft, have signified a wish for a craft unit". No attempt was made to amend paragraph 4 of the petition, which designated that these electrical workers were all employed in the overhead, underground, substation, and elevated electrical departments of the company, and classified as set out in detail, supra.

The amendment was allowed and a hearing had to determine the names of those entitled to vote as of February 5, 1947. Payrolls of the four divisions were produced, and the meeting concluded on the note that no one objected to the payroll submitted as containing the names "within the classification of electrical workers and those who assist in electrical work and are employes within the defined craft unit". In the ensuing election 204 persons voted against representation by a craft unit, and 121 persons voted in its favor. The board issued its nisi order dismissing the petition.

Electrical workers local filed exceptions to the nisi order, raising for the first time the contention that there were other electrical workers and assistants employed by the company in departments other than those set forth in the board's order directing the election. The board ordered further investigation "limited to the question as to who were the employes of the company as of February 5, 1947, within the appropriate craft unit, comprising all the electrical workers and those who assist in the electrical operations of the Philadelphia Transportation Company". At the further hearing the trial examiner excluded the offer of electrical workers local to prove there might be electrical workers outside the departments designated in paragraph 4 of its petition who were eligible to vote. The board sustained the position of the trial examiner, dismissed the exceptions, and dismissed the petition. Electrical workers local has now appealed to this court pursuant to

the provisions of section 9(*b*) of the act. Transport Workers Union (of Philadelphia, Local 234, Committee of Industrial Organizations), the company, and the board have all appeared and argued against the appeal.

*Discussion*

In opposition to the appeal it is urged that the board's order dismissing the petition for certification is not appealable within the framework of the act (Section 9(*b*) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of May 26, 1943, P. L. 651, sec. 2, as further amended by the Act of May 18, 1945, P. L. 656, sec. 1, 43 PS §211.9). We agree with this. Originally, section 9(*b*) of our act, patterned after the National Labor Relations Act of July 5, 1935, c. 372, §10, 49 Stat. at L. 453, 29 U. S. C. §160(*f*), provided simply for the right of review by anyone aggrieved by a final order. An order certifying a bargaining agent is not a final order: National Labor Relations Board v. Falk Corp., 308 U. S. 453, 60 S. Ct. 307, 311 (1940); American Federation of Labor et al. v. National Labor Relations Board, 308 U. S. 401, 60 S. Ct. 300 (1940), and, likewise, an order dismissing a petition for certification is not reviewable because it is not a final order: A. G. M. Workers' Assn. v. National Labor Relations Board, 117 F. (2d) 209 (CCA 7, 1940). Our courts followed this rule: McNary's Appeal, 33 D. & C. 429 (1938), opinion by Judge Richardson of the Court of Common Pleas of Allegheny County. In recognition of the settled principle thus stated, the General Assembly amended section 9(*b*) (May 26, 1943, P. L. 651, 652, sec. 2, 43 PS §211.9), but in so doing provided only for review of an order certifying a collective bargaining agent, and is silent as to orders dismissing petitions for certification.

The Pennsylvania Labor Relations Act is an act creating new statutory remedies, and the General Assembly, in establishing such new forms of procedure, may

place limitations upon the right of appeal. And where the new statutory remedy expressly delineates judicial review, the courts are bound to adhere to that limitation. Except by wholly ignoring the clear wording of the amendment it cannot be construed to confer on this court the right to review an order dismissing a petition for certification. See Carroll's Appeal, 336 Pa. 257 (1939).

Apart from the statute, electrical workers local proposes we review this record, because the board failed to comply with the order of this court made upon the occasion of the previous appeal. Rather than dismiss this appeal on the ground that we do not have the right of review, we will meet the contention that the board failed to comply with our order. When we remanded the case we stated that there was ample evidence to support the finding that the 324 employes engaged as electrical workers, or as assistants in electrical operations, constituted a craft. On page 7 of our opinion we said:

"The Board designated the 204 employes who were members of the craft union as the only persons eligible to vote at the election of September 5, 1945. It is therefore pertinent to inquire whether the 1945 amendment to section 7(b), effective September 1, 1945, required the Board to throw the election open to all 324 employes of the particular craft."

These were the employes in the overhead, underground, substation and elevated electrical departments, and nobody else. The original application laid the limits of the class of persons for whom the application was filed, and, based on the law prior to the amendment, sought representation of those who were members of the craft union. The change in the petition asked for representation of the entire craft, not merely the union members. Petitioner never sought to expand the bargaining unit defined in paragraph 4 of its petition until after the election, and it cannot complain

that the board directed taking the vote within the craft unit defined in that petition.

*Order*

And now, January 24, 1948, the petition to set aside the final order of the Pennsylvania Labor Relations Board is dismissed.