ETHRIDGE, Chief Justice:
ON MOTION TO DISMISS APPEAL
Asserting that the Mississippi Real Estate Commission, appellant, has no statutory authority to appeal to this Court from a circuit court order reversing its suspension of the license of a real estate broker, Mrs. Willie C. Ryan, appellee, has filed a motion to dismiss this appeal. We hold that the Commission has the right to appeal here, and thus overrule the motion to dismiss.
The Real Estate Broker’s License Act of 1954 created the Mississippi Real Estate Commission. Miss.Laws 1954, Ch. 318; Miss.Code 1942 Ann. §§ 8920-01-8920-20 (Supp.1968). The Commission has powers of licensing, revocation, and suspension. Mississippi Code 1942 Annotated section *668 8920-13 (Supp.1968), provides that an applicant “or licensee, or person aggrieved” has the right to appeal from an adverse ruling of the Commission “to the court of competent jurisdiction of the county where the hearing was held * * Notice of appeal must be filed in the office of the clerk of the court, who issues the writ of certiorari directed to the Commission for the entire record in the matter. The appeal is heard by the court without a jury on the record, under the substantial evidence rule.
Section 8920-13 itself makes no express provision for an appeal from an order of the circuit court, either by the Commission or by an applicant, licensee or person aggrieved. However, code section 8920-12 shows that the Legislature intended for the Commission to enforce its orders. It authorizes and directs the Commission “to take legal action against any violator of this Act.” And further, it is “vested with the authority to bring injunctive proceedings in any appropriate forum against any violator or violators of this Act * * *.” Section 8920-12 is relevant on the legislative intent for the Commission to have the duty of enforcing and defending its orders in the courts.
Code section 8920-13, pertaining to appeals from the orders of the Commission, should be read in pari materia, with code section 1147, the general statute for appeals from circuit and chancery courts. Miss.Code 1942 Ann. § 1147 (1956). It provides:
An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, not being a judgment by confession or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties; but such appeal shall operate as a super-sedeas only when the party applying for the same shall comply with the terms hereinafter prescribed; and in no case shall such appeal be held to vacate the judgment or decree.
In the instant case the circuit court reversed the order of the Commission, which suspended for six months the license of Mrs. Ryan. The Commission was authorized to appeal from this final judgment of the circuit court in this civil case. It was a party-appellee to Mrs. Ryan’s appeal in the circuit court. In this Court it is an aggrieved party-appellant under the provisions of code section 1147.
A statute very similar to the present one is that pertaining to appeals from revocation orders of the State Board of Dental Examiners. Miss.Code 1942 Ann. § 8775 (1956). It states that there is a right to appeal from an action of the Board revoking the license to the chancery court of the county in which the dentist is practicing. No reference is made to subsequent appeals to the Supreme Court. Nevertheless, Mississippi State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945), considered and allowed an appeal by the Board of Dental Examiners, implicitly based upon code section 1147.
Motion to dismiss appeal overruled.
All Justices concur.