ETHRIDGE, Chief Justice:
This is an appeal by the City of Jackson, its Mayor and Chief of Police, from an order of the Circuit Court for the First Judicial District of Hinds County, dismissing their appeal from an adverse decision by the City of Jackson’s Civil Service Commission. The sole question here is whether the city, its mayor, and chief of police may appeal to the circuit court from an adverse order of the Civil Service Commission. We hold that because the commission is an agency of the city and the statute authorizes only an aggrieved city employee to appeal, the circuit court was correct in dismissing the suit.
On December 8, 1969, the chief of police served upon Samuel Randolph Little, a policeman, a letter of dismissal and discharge from his position as a police officer of the City of Jackson. The reason assigned was the failure of Little to reimburse the city with monies tendered him by a third party in settlement of a personal injury claim, for the amount of salary paid him by the city during his disability. However, we consider only the issue concerning the alleged right of the city to appeal from the order of its Civil Service Commission. At Little’s request, the commission held a hearing concerning the discharge, decided that Little was not discharged for cause, as required by the statute, and directed that he be reinstated as a policeman.
Appellants petitioned the circuit court for issuance of a writ of certiorari to the commission. It was granted, but subsequently on motion by Little the circuit court dismissed the writ on the ground of want of jurisdiction. The basis for dismissal of the writ was the fact that code section 3825-40, although it authorizes an appeal by the accused, discharged employee, does not provide for an appeal by the city if its Civil Service Commission’s decision is adverse to the city. Miss.Code 1942 Ann. § 3825-40 (1956).
Appellants concede that section 3825-40 is silent as to appeals by the city from an adverse order of the commission, but they argue that it does not expressly deny the right of appeal to the city and that they are entitled to judicial review by a writ of certiorari. Code section 1206 provides that all cases decided by a justice of the peace *205 may within six months be removed to the circuit court by petition for writ of certio-rari; and that “in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.” Code section 1207 states:
§ 1207. Certiorari to all other inferior tribunals. Like proceedings as provided in the last section may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not.
The civil service statutes were designed to give municipal employees a reasonable security of tenure and to protect them from removal, suspension, demotion or discharge for political or religious reasons, or for insubstantial grounds. Miss.Code 1942 Ann. §§ 3825-01 to 3825-45 (1956). A municipal employee may not be demoted or discharged except for substantial reasons, such as incompetency, dishonesty, intemperance, and discourteous treatment of the public. Code § 3825-40. The employee is entitled to a written accusation by the appointing power of the grounds for discharge and is entitled to a hearing on that issue before the municipal Civil Service Commission. Id. The commission may investigate and hold a public hearing on the issue and can decide whether the discharge “was or was not for political or religious reasons and was not made in good faith for cause.” Id. If the commission upholds the appointing power, the “accused may appeal, therefrom to the circuit court * * *.” No provision is made for the municipality to appeal.
The three members of the Civil Service Commission are appointed by the City Commission and serve without compensation for six-year, staggered terms. A civil service commissioner “may be removed from office for incompetency, incompatibility, dereliction of duty or other good cause, by the appointing power.” Code § 3825-31. “Incompatibility” is defined as the inability to exist in peaceful harmony. Webster’s Third New International Dictionary 1144 (1961). This tends to negative the effective independence of the civil service agency, and to relate its functions to the policies of the elected governing body of the city.
Shortly after enactment of the Municipal Civil Service Act, this Court considered the nature of the commission’s functions. In McLeod v. Civil Service Commission of Jackson, 198 Miss. 721, 21 So.2d 916 (1945), a policeman’s discharge was approved by the city’s Civil Service Commission. The circuit court affirmed, and in this Court the case was reversed since the trial judge had not submitted the matter to a jury. Subsequently, this Court held that a de novo jury trial in the circuit court violates the separation of powers provisions of the Mississippi Constitution. City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951). However, the Court in McLeod discussed and defined the functions and purposes of the commission:
The Civil Service Commission created by this statute is an agency of the municipality it serves. It has a number of duties to perform, one of which is, under Section 10 of the statute, to investigate the discharge of a policeman by the municipal authorities and determine whether or not the discharge was made for political or religious reasons or in good faith for cause. In other words, it is an agency of the municipality for enforcing the Civil Service requirements of the statute, and makes, when called on so to do, the City’s final decision as to whether a policeman shall be discharged. The parties to such controversy from its inception to its final decision by the City Civil Service Commission are the policeman and the City in its corporate capacity. * * * ” (Emphasis added) (198 Miss, at 740,21 So.2d at 917).
In short, McLeod held that a municipal civil service commission is an agency of the city to enforce the civil service requirements of the statute; and that it *206 makes “the City’s final decision as to whether a policeman shall be discharged.”
In Davidson, supra, the Court again held to the same effect, stating that the city, in employing and discharging employees, is acting in an executive or administrative capacity, and that the civil service commission “in its investigation under the cited Act, as the agent of the city, is moving within the ambit of the same function.” 211 Miss, at 693-694, S3 So.2d at S3.
As an agency of the city, making its final decision as to whether an employee shall be discharged, the civil service commission is acting under the civil service statutes in an executive or administrative capacity. So far as the municipality is concerned, its Civil Service Commission’s decision is final and not subject to appeal. A municipal Civil Service Commission is not an “inferior tribunal” within the context of the certiorari statute. Code § 1207. Cf. Gustetter v. City and County of Honolulu Motor Vehicle Dealers, 44 Haw. 484, 354 P.2d 956 (1960); Appeal of Carroll and Fairley, 336 Pa. 257, 9 A.2d 407 (1939); 15 Am.Jur.2d Civil Service § 48 (1964).
Mississippi Real Estate Commission v. Ryan, 241 So.2d 667 (Miss. 1970), is not pertinent here. The Real Estate Commission, acting as a state licensing and regulatory agency, suspended Ryan’s license, she appealed, and the circuit court reversed. The Commission had the statutory duty to enforce the licensing and suspension statutes and to seek injunctions to enforce its orders. Although there was no express provision for appeal to this Court from the circuit court, it was held that Code section 1147, authorizing generally such appeals, sufficed to give the Real Estate Commission the right to appeal to this Court.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.