577 So.2d 1234 (1991)
John WATSON
v.
CITY OF PASCAGOULA.
No. 07-CA-59370.
Supreme Court of Mississippi.
March 6, 1991.
Rehearing Denied April 24, 1991.
Margaret P. Ellis, and C.R. McRae, McRae & Ellis, Pascagoula, for appellant.
*1235 Melvin Mitchell, Pascagoula, for appellee.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
HAWKINS, Presiding Justice, for the Court:
John Watson was discharged from the police force of Pascagoula and appealed to the circuit court of Jackson County. His appeal was dismissed because Watson failed to request an administrative appeal with the Pascagoula Civil Service Commission within ten days as required by Miss. Code Ann. § 21-31-23.
We find that the city failed to give Watson a requested administrative pretermination hearing by the city manager after being told he could have one, and reverse.

FACTS
W. Shelton Smith, city manager of Pascagoula, wrote Watson the following letter January 30, 1987:
It has come to my attention that you mailed to Mr. Gregg Smith a tape on which you had recorded excerpts from another tape. The other tape is a recording of an act of sexual intercourse which you and Ms. Rita VonKanel had. I understand that in this tape you threatened to give copies of the first tape to the parents of Ms. VonKanel if Ms. VonKanel does not end a romantic relationship with Mr. Smith. This is clearly conduct that is both immoral and tends to injure the public service in accordance with the provisions of Section 21-31-17, Mississippi Code of 1972.
Therefore, I intend to terminate you from City employment effective February 6, 1987.
You may respond in writing to this notice prior to the date of discharge. Furthermore, if you desire, I will meet with you prior to said termination date to hear any explanation or defense that you may have to the above information.
Should you respond in writing or ask for a hearing with me, I will take your written response and the matters developed within that hearing into consideration and will notify you in writing of my final decision.
Watson's attorney responded by letter dated February 2, making a number of charges and requests for documents. One sentence in this two and a half page letter states, however: "We have no choice but to request a hearing even though you have already instructed that John Watson be terminated." The attorney also informed Smith that he would be out of the country until March 1.
On February 9 Smith again wrote Watson, the first paragraph repeating precisely what was stated in the first paragraph of the letter of January 30. The letter then concluded: "Therefore, you are terminated from City employment effective today."
On March 5 Watson's attorney wrote John E. Rednour, chairman of the city civil service commission:
As Chairman of the Civil Service Commission we are herewith filing with your office today the Appeal and Request For Investigation in the wrongful discharge of John Watson. We had advised the City Manager that we would be out of the country for several weeks and asked that the hearing be held after we returned. Mr. Watson had been previously suspended by the Chief of Police under the direction of Mr. Smith, the City Manager. We therefore respectfully request said investigation and hearing in order that this matter may be resolved.
Attached to the letter was an instrument headed "Appeal and Request for Investigation."
On March 12 Rednour wrote the attorney as follows:
According to our records Patrolman John Watson was terminated on February 9, 1987.
Section 21-31-23, Mississippi Code of 1984 states that a demand for investigation by the Civil Service Commission be filed within ten (10) days of the termination. Your request for an investigation or hearing was dated March 5, 1987. *1236 It appears to the Commission that you did not comply with the legal requirements in asking for a hearing.
If you feel we are in error or have overlooked something, please let us know.
On April 7 Watson filed a petition of appeal to the circuit court. The court dismissed the appeal because of noncompliance with the requirement of Miss. Code Ann. § 21-31-23 that an appeal to the city civil service commission be filed within ten days.
Watson has appealed.

LAW
Miss. Code Ann. § 21-31-23 in pertinent part states:
§ 21-31-23. Removal, suspension, demotion, and discharge.
No person in the classified civil service ... under the provisions of sections 21-31-1 to 21-31-27,... shall be removed, suspended, demoted or discharged, or any combination thereof, except for cause, ...
In the absence of extraordinary circumstances or situations, before any such employee may be removed or discharged, he shall be given written notice of the intended termination, which notice shall state the reasons for termination and inform the employee that he has the right to respond in writing to the reasons given for termination within a reasonable time and respond orally before the official charged with the responsibility of making the termination decision. Such official may, in his discretion, provide for a pretermination hearing and examination of witnesses, and if a hearing is to be held, the notice to the employee shall also set the time and place of such hearing... . After the employee has responded or has failed to respond within a reasonable time, the official charged with the responsibility of making the termination decision shall determine the appropriate disciplinary action, and shall notify the employee of his decision in writing at the earliest practicable date.
... .
Any person so removed, suspended, demoted, discharged or combination thereof may, within ten (10) days from the time of such disciplinary action, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation... . After such investigation the commission may, if in its estimation the evidence is conclusive, affirm the disciplinary action, or if it shall find that the disciplinary action was made for political or religious reasons, or was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, ...
... The findings of the commission shall be conclusive and binding unless either the accused or the municipality shall, within thirty (30) days from the date of the entry of such judgment or order on the minutes of the commission and notification to the accused and the municipality, appeal to the circuit court of the county within which the municipality is located... .
Regardless of the charges against Watson, he was entitled to a hearing of some kind at some stage. Miss. Code Ann. § 21-31-23 first provides that the city official might "in his discretion, provide for a pretermination hearing." Smith's January 30 letter stated that Watson could have such hearing. Watson's attorney by letter of February 2 requested the hearing.
Having offered Watson a hearing, the city manager was obligated to honor Watson's request for one. Instead, knowing Watson's attorney was out of the country, Smith wrote Watson on February 9 terminating him.[1]
The city successfully argued before the circuit judge that Watson had not perfected his appeal to the civil service commission within ten days following the city manager's notice he was firing him, that neither *1237 the commission nor the circuit court had jurisdiction to hear his appeal. There was no necessity to address this question, however, because the city manager was without authority to terminate Watson on the grounds stated without giving him a pretermination hearing, after he had obligated the city to give him one upon request, and a request for such hearing was promptly made by Watson's lawyer. Tennant v. Finane, 227 Miss. 410, 86 So.2d 453 (1956), is distinguishable. In that case Tennant was not misled by the city's failure to follow statutory procedures. Watson was misled, and the city's conduct was a material factor in preventing Watson from complying with the statute. The city cannot have it both ways, and is estopped from denying him a pretermination hearing.
This cause is remanded to the City of Pascagoula to afford Watson a hearing in compliance with the statute.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., not participating.

ON PETITION FOR REHEARING
BANKS, Justice, concurring:
Today we deny the petition for rehearing filed on behalf of the City of Pascagoula, and I take this opportunity to note an additional basis for according Watson the relief he is given in our original opinion.
The Civil Service Commission of the City of Pascagoula published rules and regulations which provide that an employee shall have thirty (30) days in which to request an investigation. Watson requested an investigation within the thirty-day period provided by the rules. The commission rejected the filing as untimely in contravention of its own rule. The City asserts that this is an administrative rule which is adverse or repugnant to the statute, Section 21-31-23, Mississippi Code Annotated (Supp. 1990), which provides that a request for investigation shall be demanded within ten days of the adverse action.
Section 21-31-9 provides that civil service commissions shall have the duty to make "suitable rules and regulations not inconsistent with the provisions of sections 21-31-1 to 21-31-27... which may be considered desirable to further carry out the general purposes" of those sections. It is at least arguable that the thirty-day period is consistent with the provisions of the civil service statutory scheme. The purpose of the statutes is to assure that employment decisions are based on merit, that adverse employment actions are based on good cause, and that the manner in which these decisions are made and reviewed accords due process. Increasing the time period in which an investigation may be requested by an aggrieved employee might reasonably be "considered desirable to further carry out the general purposes" of the statutes and not inconsistent with their provisions.
We need not decide that issue here, however. Watson does not challenge the rule. The city argues with itself. The civil service commission is an agency of the City of Pascagoula. McLeod v. Civil Service Commission, 198 Miss. 721, 21 So.2d 916 (1945), overruled on other grounds, Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951). Elementary fairness dictates the conclusion that the city cannot lead its employees to believe that they have thirty days in which to appeal and then assert that its own rule is unlawful after having induced reliance. If the city fathers have a quarrel with the regulations adopted by the commission, it is incumbent upon them to see that those regulations are declared unlawful by a court or other competent authority. Failing that, the city is at least required to warn its employees that it considers itself bound only by the statute and not the regulations it promulgates through its civil service commission. Here Pascagoula did neither. Accordingly, it should be estopped to assert the unlawfulness of its regulation.
*1238 ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN and PITTMAN, JJ., join this concurring opinion.
NOTES
[1] Under Miss. Code Ann. § 21-31-23, there was no discretion in giving Watson the right to "respond orally" before the city manager prior to termination. This likewise was denied him.