## BOARD OF SUP'RS OF JONES COUNTY *v.* LAUREL MILLS.

[94 South. 448.    No. 22872.]

1. TAXATION. *State tax commission without power to review order of board of supervisors increasing or reducing assessment for taxation.*

   The state tax commission is without power to review an order made by a board of supervisors under section 4312, Code of 1906

(section 649, Hemingway's Code), increasing or reducing an assessment of property for taxation.

2. TAXATION. *Trial by circuit court on agreed facts of appeal from supervisors reducing or refusing to reduce assessment a trial on merits.*

A trial by a circuit court on an agreed statement of facts of an appeal to it from an order of a board of supervisors reducing or refusing to reduce an assessment of property for taxation is a trial on the merits.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Proceedings by the Laurel Mills against the board of supervisors of Jones county to correct an assessment of its property for taxation. From an order revoking its former order reducing the assessment, plaintiff appeals. Affirmed.

*D. C. Enochs,* assistant attorney-general, for appellant.

There are two propositions that I desire to argue: (1) that the board of state tax commissioners must approve reductions of assessments under section 4312, Code 1906, before the board of supervisors can render a valid order of reduction thereunder; and (2) that on appeal by the applicant for reduction under said statute from an order of the board of supervisors can render a valid order of reduction thereunder; and (3) that on appeal by the applicant for reduction under said statute from an order of the board of supervisors vacating its order allowing the reduction, and denying the reduction in accordance with the order of the board of state tax commissioners, the circuit court is without authority to try the controversy and an agreed statement of facts as found by the board of supervisors, entered into by the attorney for the applicant and attorneys for the board of supervisors, but should try the controversy on the evidence itself in support of the right of the applicant for the reduction.

By chapter 98, Laws 1916, the board of state tax commissioners was created, and its duties defined. Chapter 98, Laws 1916, was amended by chapters 135 and 228, Laws

1918, and chapter 323, Laws 1920, and it is the contention of the appellant that the board of state tax commissioners, in the light of said acts of the legislature, as construed by this court in the case of *Taylor et al., County Supervisors* v. *State, ex rel. Collins, Atty. Gen.*, 121 Miss. 771, 83 So. 810, and the cases therein cited, must approve reductions of assessments by the board of supervisors under section 4312, Code 1906.

It will be noted in the Taylor case, just cited, that this court held that where the state tax commission had ordered a certain raise on any class of property, that the board of supervisors might, by a re-equalization of that class of property among the owners, raise the assessment the required amount, or as much thereof as legally possible, and the balance by a horizontal raise on all of the property. Certainly then the board of state tax commissioners should have a say so, in the matter of reductions of such assessments for clerical errors, overvaluation known to be such, etc., under section 4312, Code 1906. Otherwise, a board of supervisors could raise the assessments of several owners of a certain class of property in order to raise the amount of the assessment of the class to that required by the commission, and subsequently under section 4312, Code 1906, reduce the same for clerical error, overvaluation known to be such, and the like, thereby rendering the acts of the legislature creating the board of state tax commissioners, and defining its powers and duties, of no effect whatever.

In the case at bar it appears that from the evidence presented in support of the application, the board of supervisors decided the facts, justified a reduction on the grounds stated in the petition, and that the board of state tax commissioners found to the contrary. And if the board of state tax commissioners must consent to reductions of assessments under section 4312, and refuse to consent as in the case at bar, it seems to me that it necessarily follows that on appeal by the applicant to the circuit court from the order of the board of supervisors refusing the reduction in accordance with the order of the board of state tax

commissioners, that the circuit court should not try the controversy on an agreed statement of facts in accordance with the finding of the board of supervisors, entered into between the attorney for the board of supervisors and the attorney for the applicant to the circuit court from the order of the board of supervisors refusing the reduction in accordance with the order of the board of supervisors, entered into between the attorneys for the board of supervisors and the attorney for the applicant for reduction. From the evidence itself in support of the application for reduction, the board of supervisors found the facts to be as stated in the agreed statement of facts by the aforesaid attorneys, but it seems that the board of state tax commissioners found from said evidence the facts to be otherwise. Of course there was no controversy between the applicant and the board of supervisors on the facts.

The board of supervisors found the facts in favor of the applicant. And in such cases, if the circuit court is authorized to try the "controversy" on the facts as found by the board of supervisors from the evidence, and not from the evidence itself, then the acts of the legislature creating the board of state tax commissioners, and defining its powers and duties, are rendered of no effect whatever.

As I have said, our contention is that both the board of supervisors and board of state tax commissioners must concur in the facts in order that a reduction of an assessment may be granted by the board of supervisors under section 4312. I further contend that if the two boards disagree, the decision of the board of state tax commissioners is controlling, and if I am correct in my contention, then the "controversy" in this case originated with the board of state tax commissioners. Under the evidence in support of the application for reduction the board of supervisors found a state of facts existing entitling the applicant to the reduction, but under that evidence the board of state tax commissioners found the existence of a state of facts that did not entitle the applicant to the reduction. Then does it not follow that on an appeal by

the applicant from an order of the board of supervisors vacating its order of reduction, and refusing the reduction in accordance with the order of the board of state tax commissioners, that the circuit court in trying anew the controversy thus created, should not do so upon an agreed statement of the facts as found from the evidence by the board of supervisors, but only upon the evidence itself upon which the facts are predicated.

It may be contended by the appellee that no evidence was presented to the board of state tax commissioners in support of the right to a reduction. If I am correct in my contentions, the appellee should have presented such evidence to the board of state tax commissioners. Certainly if the appellee did not, the board of state tax commissioners could do nothing but decline to permit the reduction, and on appeal in such case the applicant should be required to make original proof of his right to the reduction the same as if he had presented his evidence to both of said boards.

I respectfully submit that the case should be reversed and remanded.

*W. S. Welch,* for appellee.

There is not a sentence, line or syllable in the act creating the state tax commission or the various acts amendatory thereto, directly or by implication, repealing section 4312, Mississippi Code of 1906, section 6946, Hemingway's Code. On the other hand it would appear that this section was purposely allowed to stand as written before the creation of the state tax commission. Of one thing we may be sure and that is that under section 112 of the constitution the tax-payer cannot be made to pay on a valuation no matter how fixed in excess of the true value. If the contention of the attorney-general is correct and the state tax commission must approve the order making changes in assessment under section 4312, Mississippi Code 1906, still the taxpayer is entitled to appeal to the circuit court un-

der section 10, chapter 323, Laws of 1920. Such an appeal to the circuit court would be just such an appeal as the appellee took in this case and the procedure is the same, whether the appeal be under section 81, Code 1906, or under section 10, chapter 323, Laws of 1920. The appellee satisfied the circuit court that it was entitled to the relief sought.

The case of the *Board of Supervisors of Smith County* v. *Cox*, 75 So. 118, 114 Miss. 276, is a case that arose after the state tax commission was created and there was no kind of intimation that the state tax commission had any kind of authority in the premises. If the attorney-general's theory is the correct one, and it was necessary for the tax commission to concur in the reduction, the appellee under the law is still entitled to its appeal to the circuit court.

The judge certainly, on the evidence before him, could arrive at no other conclusion than the one reached. The attorney-general seems to so admit, but suggests that the case should be remanded to be tried on oral testimony. When the appellee's return is admitted and it shows a valuation of thirty-two thousand dollars for waterworks and the assessment roll is admitted and it shows that the assessor has erroneously copied the return at thirty-two thousand dollars and no man can say that the real valuation is over thirty-two hundred dollars, what advantage will be gained by any one.

If the state commission and two members of the board knew of some fact why the change in the assessment should not be made under the law, then why were they silent on the trial of this case in the circuit court? Why did they not write into their orders some reason for their conduct? Maybe there was some reason why the tax commission made an order in secret so far as appellee was concerned, and that there was a reason why the board of supervisors waited from March till October to act all without notice to appellee, but so far as appellee is concerned these are all matters of conjecture only.

Believing in the justice of our cause, and relying on our constitutional right of a hearing in court we have come into the open giving the board of supervisors, the court below and this court the benefit of all facts known to us.

We confidently ask for an affirmance of the judgment of the court below.

SMITH, C. J., delivered the opinion of the court.

The Laurel Mills, a corporation, filed with the board of supervisors of Jones county at its January, 1921, meeting a petition settting forth that it reported in accordance with the statute certain of its property to the tax assessor for assessment for taxation as of the value of three thousand two hundred dollars, but that by a clerical error the assessor in transferring this valuation to the assessment roll made it thirty-two thousand dollars instead of three thousand two hundred dollars, resulting in the Mills being over-assessed in the sum of twenty-eight thousand eight hundred dollars. On March 19, 1921, the state tax commission notified the board of supervisors in writing that it declined to approve the order reducing the assessment and at its October meeting the board, without notice to the Laurel Mills, entered an order reciting that the state tax commission declined to approve the reduction of the assessment and revoking the order entered by it at its January, 1921, meeting reducing the assessment. From this order the Laurel Mills appealed to the court below; the facts herein set out being embodied in a bill of exceptions signed by the president of the board. It does not appear from what source the state tax commission received information of the reduction made by the board of supervisors in the appellee's assessment. The cause was submitted to the judge of the court below for decision without a jury on an agreed statement of facts setting forth all of the facts hereinbefore set out, and in addition thereto that the actual value of the property involved is three thousand two hundred dollars, and a judgment was rendered reducing

the assessment in accordance with the prayer of the orig-
inal petition filed with the board of supervisors by the
Laurel Mills, from which the board of supervisors has ap-
pealed to this court.

Two reasons are advanced by the assistant attorney-gen-
eral for reversing the judgment of the court below, and, as
stated in his brief, they are:

"(1)   That the board of state tax commissioners must
approve reductions of assessments under section 4312, Code
1906, before the board of supervisors can render a valid
order of reduction thereunder; and (2) that on appeal
by the applicant for reduction under said statute from an
order of the board of supervisors vacating its order al-
lowing the reduction and denying the reduction in accord-
ance with the order of the board of state tax commissioners,
the circuit court is without authority to try the controversy
on an agreed statement of facts as found by the board of
supervisors, entered into by the attorney for the applicant
and attorneys for the board of supervisors, but should try
the controversy on the evidence itself in support of the
right of the applicant to the reduction."

No statute has been called to our attention, and we
have been unable to find one, providing that the orders
increasing or reducing assessments of property made by
boards of supervisors under section 4312, Code of 1906
(Hemingway's Code, section 6946) may be reviewed by
the state tax commission.   Consequently we must hold that
the Commission had no such power.   The only power given
the Commission in this connection is that provided by
section 9, chapter 323, Laws of 1920, to review the assess-
ments, not of individuals, but "of the various classes of
property on the roll or rolls in order to establish an equality
assessment throughout the state."

It is true that boards of supervisors have a limited
power under section 4312, Code of 1906 (Hemingway's
Code, section 6946), to revise assessments that have been
approved by the state tax commission, but that fact will
not warrant the court in holding that such provisions are

subject to review by the state tax commission when the statute does not so provide.

The trial of the cause on an agreed statement of facts was as much a trial on the merits as if it had been on evidence introduced at the trial by the contending parties. The fact that there was no real controversy between the board of supervisors and the appellee is not material. All the court below could do was to try the cause on the facts presented to it for that purpose.

*Affirmed.*