CALIFORNIA CO. *v.* STATE OIL & GAS BOARD *et al.*

(In Banc. Oct. 14, 1946. Suggestion of Error Overruled Nov. 25, 1946.)

[27 So. (2d) 542. Nov. 36163.]

See, also, 27 So. (2d) 548, 28 So. (2d) 121.

Wells, Wells, Newman & Thomas, and **W. N. Ethridge, Jr.**, all of Jackson, and **Engle & Laub**, of Natchez, for appellant.

828

**Butler & Snow,** of Jackson, for appellees.

**Heidelberg & Roberts,** and **Tom P. Caldwell,** all of Hattiesburg, amici curiae.

830

Wells, Wells, Newman & Thomas, and **W. N. Ethridge, Jr.,** all of Jackson, and **Engle & Laub,** of Natchez, for appellant, on suggestion of error.

834

**Lucius M. Lamar,** of New Orleans, La., for appellant, on suggestion of error.

**Butler & Snow,** of Jackson, for appellees, on suggestion of error.

Argued orally by **W. N. Ethridge, Jr.**, for appellant, and by **George Butler, Jr.**, for appellee.

**McGehee J.**, delivered the opinion of the court.

This appeal is from a final judgment of the Circuit Court of Adams County which dismissed an appeal taken by the appellant, the California Company, from an order of the State Oil and Gas Board, made on October 17, 1945, granting unto the appellee T. F. Hodge an exception to a general rule and regulation of the said Board for the spacing of oil wells, adopted pursuant to the authority conferred upon it by Section 6136, Code 1942. The motion of the appellee to dismiss the appeal was sustained on constitutional grounds, and therefore without an opportunity being afforded the appellant to offer proof as to whether or not the Board should have passed such order.

The general rule in question had provided, among other things, that "all oil wells must be located on a drilling unit consisting of at least forty (40) surface contiguous

acres upon which no other drilling or producing well is located; and the location of the well shall not be greater than 330 feet from the center of the drilling unit, unless a special exception is granted after notice and hearing . . ."

The Oil and Gas Board had also provided in one of its general rules and regulations that it would grant exceptions to the foregoing rule, in order to prevent waste or the confiscation of property, so as to permit the drilling of wells within shorter distances than those therein mentioned "whenever the Board shall determine, after hearing, that such exceptions are necessary"; and also that "when an exception to such rule is desired an application therefor shall be made to the Board," and whereupon "such exception shall be granted only after at least ten (10) days notice to all adjoining lessees affected thereby has been given," and then only "after a public hearing at which all interested parties may appear and be heard . . ."

After ten days notice of the application of T. F. Hodge had been given to the California Company as the sole adjacent lessee, and it had filed its written objections thereto, the order of October 17, 1945, was made, granting unto the said applicant (or petitioner) a special exception so as to permit him to drill a well at a location other than that provided for by the said general spacing rule and regulation, and it recited that the same was done "after a full hearing of all the testimony and evidence adduced by the parties and the arguments of both the parties and their attorneys." Hence the appeal to the Circuit Court was taken therefrom, without further hearing before the Oil and Gas Board. And the only difference between this cause and the appeal in Cause No. 36,162, 200 Miss. 849, 27 So. (2d) 548, which is this day being decided, both of which challenge the validity of the said granted exception, is that in the latter cause the appellant filed a petition asking that the order granting the exception be

set aside, without a further hearing and the submission of repetitious testimony.

Section 6136, Code 1942, empowers the State Oil and Gas Board "to adopt and promulgate such rules and regulations as may be reasonable and proper and as it may deem necessary for the conservation of crude oil or petroleum . . .,"and contains the further provision that "any person, firm, association or corporation affected by or interested in any Act, order, rule or regulation of the Board or of the (State Oil and Gas) Supervisor may file a petition with the board for a hearing on such Act, order, rule or regulation and on the filing of such petition for a hearing it shall be the duty of the board to thereupon set a day not less than five nor more than fifteen days from the filing of said petition for a hearing." And this statute further provides that any one "being a party to such petition may appeal from the decision of the board within ten days from the date of the rendition of the decision to the. circuit court of Hinds county, or of the county in which the petitioner is engaged in business or drilling operations . . . and the matter shall be tried de novo by the circuit court and the circuit court shall have full authority to approve or disapprove the action of the board."

It is first contended by the appellees that the order of October 17, 1945, was not appealable to the Circuit Court because (a) no appeal was authorized by the statute from said order, since the order was not a decision upon a petition filed by either party under the provisions of the statute, and (b) that the appellant failed to exhaust its administrative remedy before the Oil and Gas Board and that, therefore, the appeal was premature.

We are going of the opinion, however, that the foregoing contention is not well taken for the reason that the appellant, the California Company, was made a party to the application (or petition) of T. F. Hodge upon which the hearing was had, and since the statute provides that any one "being a party to such petition may appeal," it

was unnecessary that after the full hearing was had before the Board the losing party, whether such party had been the California Company or T. F. Hodge, should file another petition asking that the matter be heard again as a condition precedent to an appeal.

In other words, we think that the provisions of the statute for the appeal to the Circuit Court were intended to authorize such an appeal as was taken in the instant case from the granting of an exception as well as an appeal by any other person, firm, association or corporation shown to be affected by or interested in *any* rule or regulation of the State Oil and Gas Board and who may not have had an opportunity to be heard by the Board thereon before the same was adopted, and that only in the latter case is it necessary that a petition for a hearing shall be filed after the Board has acted. Most assuredly, the statute does not contemplate that two hearings shall be had upon the same issue between the same parties and on the same evidence.

It is next contended by the appellee that if the said order of October 17, 1945, is an appealable order, and the appeal is not premature, then the requirement that "the matter shall be tried de novo by the circuit court and the circuit court shall have full authority to approve or disapprove the action of the board" is unconstitutional and void because it undertakes to confer nonjudicial functions upon the Circuit Court.

It will be noted that the language last above quoted to the effect that "the matter shall be tried de novo by the circuit court" and also that the said court shall likewise have authority "to approve or disapprove the action of the board" is wholly inconsistent. A trial de novo, within the common acceptation of that term, and as defined in the case of Knox, Attorney General v. L. N. Dantzler Lumber Co., 148 Miss. 834, 114 So. 873, and other decisions of this Court, means that the case shall be tried the same as if it had not been tried before, and the court conducting such a trial may substitute its own findings

and judgment for those of the inferior tribunal from which the appeal is taken. Whereas the mere authority to approve or disapprove the action of such tribunal means the right to affirm or reverse the case. And if the decision appealed from is disapproved, and the cause is reversed and remanded, then the inferior tribunal is authorized to take such further proceedings as the facts shall warrant and as may not be inconsistent with the decision of the appellate court.

Therefore, this Court is confronted with the necessity of determining (1) whether or not this provision for an appeal to the Circuit Court is unconstitutional in its entirety, or (2) whether or not the *right of appeal* in itself may be upheld as being within constitutional limitations by permiting the Circuit Court to merely approve or disapprove the decision appealed from on grounds hereinafter stated.

The decision of the foregoing questions is found to involve the question (1) of whether or not a trial de novo in the Circuit Court in the instant case would permit the Circuit Court to substitute its own findings and judgment for that of the State Oil and Gas Board on a purely *legislative or administrative matter*, and, (2) if so, whether or not the right of appeal should nevertheless be preserved by striking down the provision for a trial de novo and retaining the power of the Circuit Court to merely *approve or disapprove* the action of the State Oil and Gas Board, upon the theory that to permit said Court on a trial de novo to substitute its own ideas as to the proper spacing of oil wells for those of this administrative or legislative body is unconstitutional, while the mere right to approve or disapprove its action is a valid exercise of judicial power on a hearing as to whether or not the decision of said Board in that regard is supported by substantial evidence, is arbitrary or capricious, beyond the power of the Board to make, or violates some constitutional right of the complaining party.

We are unable to say that except for the provision granting a trial de novo the Legislature would not have given the right of appeal at all from any action of the Oil and Gas Board. It has made provision for appeals in many instances from the decisions of administrative boards created by statute in this State without requiring that the testimony taken before such boards be reduced to writing for such purpose. But it is unnecessary that we shall here digress to illustrate.

The Legislature itself had the right in the first instance to prescribe the general rule and regulation as to the spacing of oil and gas wells and to provide for exceptions thereto under given circumstances, and it had the right to delegate this legislative power to a special administrative agency, composed of the State Oil and Gas Supervisor, who is to be a competent petroleum engineer or geologist with at least five years experience in the development and production of oil and gas, and therefore presumed to have expert knowledge as to the proper rules and regulations for the spacing of oil and gas wells, and also the Governor, Attorney General, and State Land Commissioner, as it has done by Section 5 of Chapter 117, Laws of 1932, now Section 6136, Code 1942. And it is to be conceded that in adopting such general rule and regulation, the Oil and Gas Board was acting in a legislative capacity; and we are of the opinion that in granting the exception involved in the instant case to the said general rule and regulation the said Board was likewise acting in at least a quasi legislative capacity. In order that any hearing shall be judicial in character, it must proceed upon past or present facts as such, which are of such nature that a judicial trial tribunal may find that they do or do not exist, while in making these conservation rules and the exceptions thereto the larger question is one of state policy. So that what is to be made of the facts depends upon their bearing upon a legislative policy for which persons of special training and special responsibility have been selected.

The Board could have incorporated in the general rule an exception in the first instance to apply under special facts and circumstances, such as it later found to exist in this particular case. As heretofore shown, it had expressly reserved the right in its general spacing rule and regulation to grant a special exception thereto after notice and hearing, and also the express right to make an exception in all cases "in order to prevent waste or to prevent the confiscation of property," which is declared to be the basis upon which the judgment appealed from herein to the Circuit Court is predicated.

If the Legislature had undertaken to adopt this general spacing rule and regulation, and had also heard testimony before its proper committee as to whether exceptions thereto should be provided for in the statute in this state of case, the fact that it may have conducted such a hearing would not have rendered its action judicial. And since the Legislature had the power to delegate this function to a Board composed of the officials hereinbefore mentioned, we are of the opinion that the action of said Board in adopting both the general rules and regulations, as provided for by the statute, and the exceptions thereto after a hearing, was as heretofore stated likewise legislative; that, therefore, the Circuit Court would be without constitutional power on appeal to substitute its own opinion as to what are proper oil conservation measures for that of the State Oil and Gas Board, on a legislative or administrative question, since the separation of executive, legislative and judicial powers, provided for by Sections 1, 2, 33, 144, and 156 of the State Constitution, forbid.

However, under the well-settled principle that all presumptions should be indulged in favor of the validity of a statute, and that its unconstitutionality must appear beyond a reasonable doubt before it will be held to be invalid, and that the courts should give such a construction to a statute, if possible, as will uphold it, we are of the opinion that an appeal to the Circuit Court with authority

"to approve or disapprove the action of the board" may be upheld by limiting its authority in that behalf to the right to conduct a hearing to the extent only of determining whether or not the decision of the administrative agency is supported by substantial evidence, is arbitrary or capricious, beyond the power of the Board to make, or violates some constitutional right of the complaining party, as was held in Dixie Greyhound Lines, Inc., v. Miss. Public Service Comm. et al., 190 Miss. 704, 705, 200 So. 579, suggestion of error overruled in 1 So. (2d) 489.

In determining the questions above stated the Circuit Court would be acting judicially. To that end it may hear evidence to the extent of determining what state of facts the administrative body acted on at the time of the rendition of the decision appealed from.

But to allow an appellant to present to the Circuit Court a different state of case or one based on additional facts would merely tend to becloud the issue as to whether or not the administrative body had based its decision on substantial evidence, had acted arbitrarily or capriciously, beyond its power, or violated some constitutional right of the party affected thereby. In other words, to permit a trial de novo in the Circuit Court on a legislative or administrative decision of the State Oil and Gas Board, within the common acceptation of the term "tried de novo" would permit a party to withhold entirely any showing of his facts, as he contends them to be, from the original board composed of experts and of those charged with the responsibility of a great public policy of the State, and wait until on appeal when he will make his full disclosure for the first time before nonexperts in that field to determine as to the proper spacing of oil and gas wells. In such case the Court would be departing from its proper judicial function into the realm of things about which it has no such knowledge as would form the basis for intelligent action.

We are not unmindful of those decisions of the Texas Court, such as Magnolia Petroleum Co. v. Railroad

Comm. of Tex., 128 Tex. 189, 96 S. W. (2d) 273; Carr v. Stringer, Tex. Civ. App., 171 S. W. (2d) 920, and the cases therein cited, to the effect that the Railroad Commission of Texas in granting exceptions to its general spacing rules and regulations for the production of oil and gas is acting in a quasi judicial capacity. And while those cases are persuasive on the point, and are the only cases cited by counsel which decide this specific question, we are unable to follow them to the extent of holding that *therefore* a trial de novo may be had in the Circuit Courts of our State on an appeal from a decision of the State Oil and Gas Board granting such an exception, where these general rules and regulations and the exceptions thereto are adopted upon the expert advice of the Oil and Gas Supervisor, with the consent of the Governor, Attorney General and Land Commissioner of the State, and where such Board is empowered by statute to promulgate such rules and regulations, and inferentially to make the necessary exceptions thereto, in carrying out the public policy of the State for the conservation of oil and gas. Moreover, the statute with which the Texas court was concerned in those cases does not provide for an appeal to the Circuit Court with the right of trial de novo, but provides for testing the legality of the action of the Railroad Commission by an independent suit.

Then, too, there are other considerations in connection with the right of appeal to the Circuit Court, as provided for by Section 6136, Code 1942, which would bring about an intolerable situation if the right of trial de novo to review the actions of the State Oil and Gas Board should be upheld within the meaning of that term under the former decisions of this Court. For instance, we interpret the provisions of the said statute for an appeal to mean that an appeal may be taken as aforesaid from any general rule or regulation adopted by the Board, as well as from an exception thereto by any party affected by or interested in the same, either to the Circuit Court of Hinds

County or of the county in which the "affected or interested" person, firm, association or corporation is engaged in business or drilling operations. And if the appeal could be taken with the right of a trial de novo in such case, the result of such an appeal by one aggrieved party may be different in one county than what the result would be of such a trial in another county on an appeal taken by some other aggrieved party; and whereupon this Court would be confronted with the necessity of determining whether a general rule and regulation made for the entire state by the Oil and Gas Board should be upheld by us under the judgment of one Circuit Court or should be declared invalid under the judgment of another. Then, too, the State Oil and Gas Board would be left in confusion and without power to legislate in an effective manner for the conservation of the oil and gas resources of the State in keeping with any declared public policy in that behalf.

Therefore, the only sound, practicable or workable rule that can be announced by the Court is to hold that when the appeal is from either a general rule and regulation or from an exception granted thereto, the Court to which the appeal is taken shall only inquire into whether or not the same is reasonable and proper according to the facts disclosed before the Board, that is to say, whether or not its decision is supported by substantial evidence or is arbitrary or capricious, or beyond the power of the Board to make, or whether it violates any constitutional right of the complaining party.

And it is not within the legitimate province of this opinion to set forth views as to how the complaining party shall appraise the Circuit Court of the facts upon which the State Oil and Gas Board may have acted, except to say that the Circuit Court is not permitted to hear evidence as to a different state of case than that presented to this inferior tribunal, or to substitute its own findings and judgment in the premises for those of the tribunal from which the appeal has been taken; that is to say, the Cir-

cuit Court may only approve or disapprove the action of the State Oil and Gas Board within the limitations hereinbefore enumerated.

It is next contended that the decision of the Circuit Court dismissing the appeal should be affirmed at all events by this Court on the alleged ground that the issue as to whether or not the appellee T. F. Hodge should be permitted to drill and operate an oil well at the location provided for in the granted exception has become moot, since the well has already been drilled and is now in operation. But we are unable to agree with this contention on account of the public interest involved herein, and for the further reason that if the order granting the exception is declared invalid, either the State Oil and Gas Board or the appellant, as an adjoining lessee, would then have the right to enforce a discontinuance of the operation of the well. Humble Oil & Refin. Co. v. Railroad Comm., Tex. Civ. App., 68 S. W. (2d) 622; Brown et al. v. Humble Oil & Refin. Co., 126 Tex. 296, 83 S. W. (2d) 935, 99 A. L. R. 1107; Gulf Production Co. v. Railroad Comm. et al., Tex. Civ. App., 84 S. W. (2d) 359; Arkansas Fuel Oil Co. et al., v. Reprimo Oil Co., Tex. Civ. App., 91 S. W. (2d) 381; Turnbow et al. v. Barnsdall Oil Co., Tex. Civ. App., 99 S. W. (2d) 1096; 1 Summers Oil & Gas, Sec. 86, p. 214.

From the foregoing views, it will follow that the case should be reversed and remanded in order that the Circuit Court may conduct a hearing within the limitations hereinbefore set forth.

Reversed and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.

**Griffith, J.**, delivered a specially concurring opinion.

To go directly to a solution of the inquiry which lies at the threshold of this case, we could propound the question whether the legislature could have conferred upon the

circuit or chancery court the authority and duty to devise and promulgate the rules and regulations for the spacing of oil wells, here involved. The answer to that question, upon consideration, would be definitely certain that no such authority and duty could be so conferred, because such rules and regulations pertain to that department of government which is legislative and are not judicial in character.

And there could scarcely be any division of opinion on that question as to the general rules and regulations, but there might be the further question, what about the exceptions to the rules and regulations, and could not the legislature authorize one or the other of the two courts mentioned to determine and declare exceptions to the general rules and regulations. This question considered, there must be the answer that the authority to make exceptions to rules and regulations is authority of the same nature as that which was exercised in making the rules themselves.

The result is the conclusion that the legislature could not confer upon either of the said judicial courts the original authority in either respect above mentioned, and since it could not do so directly, it could not do so by the indirect device of a trial de novo on appeal; and thus there is the further result that all the authority which could be conferred on the courts would be of a review to determine whether the Oil and Gas Board in its order acted within the authority conferred on it by statute, and if so, then whether in making its order it did so upon facts substantially sufficient to sustain its action.

The essential nature of such a review is such that it must be of what the Board had before it at the time it made its order. It would be an incongruity as remarkable to permit another and different record to be made up on appeal to the Circuit Court as it would be to allow another and a different record to be presented to this Court on an appeal to it. The question is, and must be, what did the Oil and Gas Board have before it, and all this the majority opinion has well and sufficiently pointed out.

But what the Oil and Gas Board had before it is best and most dependably shown by a certified transcript made by a competent person in precise duplication of what was there heard and what there transpired. It is an incongruity in merely another phase which omits such a transcript, and thereafter would call witnesses to prove what was heard by and what transpired before the Board, as is allowed to be done by the reversal in this case; and except for the opinion on the first appeal in the McLeod case, McLeod v. Civil Service Commission, 198 Miss. 721, 21 So. (2d) 916, wherein it was held, under a somewhat similar statute, that the transcript of what was before the administrative board is not a proper part of the record on appeal, it would be my vote that because no transcript was taken and filed in the present case, the judgment should be affirmed. In order that parties may not be further misled, and that proceedings such as this shall be conducted in a normal and proper manner, we should announce that we will not hereafter permit any such duplication of effort and the reception of any such secondary and inferior evidence as is now permitted on this remand.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

The Suggestion of Error filed herein attacks our interpretation of the statute involved, Section 6136, Code 1942; our application of the law generally; and our failure to lay down rules of evidence and procedure to govern both in the hearing before the administrative board, and at the trial on appeal to the judicial tribunal, the circuit court. We have carefully and sedulously considered the three matters stated above, and all points made in the Suggestion of Error, and the very able and interesting briefs arguing in support of them. However, we cannot agree that we have misconstrued the statute, or that we erred in applying the law generally in the premises of this case.

Compare Federal Radio Commission v. Nelson Brothers Bond and Mortgage Co., 289 U. S. 266, 277, 53 S. Ct. 627, 633, 77 L. Ed. 1166, 1174, 89 A. L. R. 406.

Many intriguing suggestions have been made in the briefs as to the production and introduction of evidence, and the procedure at the hearing and on the trial of cases like the one at bar. The statute does not annouce complete and adequate directions as to either, and if we should do so we would violate two rules of our judicature. One, that our function is judicial and not legislative, and if we attempted the formulation. of guides as suggested, we would be trespassing upon the function of the Legislature. The second is that this Court has no original but only appellate jurisdiction. Section 146, Mississippi Constitution of 1890; Brewer et al. v. Browning et al., 115 Miss. 358, 76 So. 267, 279, 519, L. R. A. 1918 F, 1185, Ann. Cas. 1918 B, 1013. Consequently, on appeal here, the Supreme Court's jurisdiction is only to review and revise judicial action of inferior tribunals and such incidental jurisdiction of quasi original character as is necessary to preserve its dignity and decorum, and to give full and complete operation to its appellate powers. Brown v. Sutton, 158 Miss. 78, 121 So. 835. Where, therefore, there is no ruling by the trial court by which it can be put into error, there is nothing on the particular point which we may review. It is true that sometimes the Supreme Court reverses and remands cases with instructions, but such instructions are limited to matters necesary to implement the judgment of the Court, and in no sense of the word are, or should be, merely advisory.

In re Opinion of the Justices, 148 Miss. 427, 114 So. 887, 888, dealing with advisory opinions between departments of the state government, this Court remarked: "Moreover, and aside from this prohibition, the giving by judges of opinions on questions that may thereafter be submitted for decision to the courts of which they are members is highly improper unless they are constitutionally authorized so to do." We are not authorized by the Constitu-

tion to do so herein. The Supreme Court of the United States in the case of Federal Radio Commission v. Nelson Brothers Bond & Mortgage Company, supra [289 U. S. 266, 53 S. Ct. 632], speaking of its powers said: "It cannot give decisions which are merely advisory, or can it exercise functions which are essentially legislative or administrative."

The suggestion of error is overruled.

**Sydney Smith, C. J.,** did not participate in this decision.