183 So.2d 621 (1966)
Sam H. LOFTIN, Jr., et al.
v.
GEORGE COUNTY BOARD OF EDUCATION et al.
No. 43797.
Supreme Court of Mississippi.
February 28, 1966.
*622 M.M. Roberts, Hattiesburg, W.S. Murphy, Lucedale, for appellants.
Darryl A. Hurt, Lucedale, for appellees.
GILLESPIE, Presiding Justice.
In 1956 the school districts in George County, Mississippi, were consolidated and reconstituted into one school district, known as the George County School District. This order was entered pursuant to due notice and consistent with the provisions of Chapter 12, Laws Extraordinary Session 1953, Mississippi Code Annotated section 6328-01 to 6328-68 (Supp. 1964). Prior to the consolidation of the county into one school district, there were four high schools in the county, the Lucedale High School, Agricola High School, Rocky Creek High School and Basin High School. After the reorganization these four high schools were designated as attendance centers of the George County School District, and each high school continued to operate thereafter until July 6, 1964, when the School Board at a regular meeting entered an order or resolution finding that it was to the best interest of the students and all persons concerned that the high schools at Agricola, Basin and Rocky Creek be discontinued as attendance centers, and providing that the high school children previously attending said attendance centers should attend the Lucedale High School Attendance Center for the 1964-1965 school term, and in the future. An appeal was prosecuted from this order to the Circuit Court of George County, Mississippi, by the trustees of the Agricola High School Attendance Center and the trustees of the Rocky Creek Attendance Center, and various other interested parties.
On appeal to the circuit court, the order of the George County Board of Education was affirmed. From that judgment appellants appealed to this Court.
When the appeal came on for hearing in circuit court, appellants demanded a trial de novo before a jury. The circuit court denied a trial by jury and declined to permit appellants to introduce evidence. The denial of a jury trial and the denial of a trial de novo are the subjects of separate assignments of error. We consider these together since they are closely related questions. We hold that the circuit court was correct in both instances.
The order of the George County School Board was legislative in nature. The school board is an administrative agency to which certain powers have been delegated by the legislature which are either administrative or legislative in nature. County Bd. of Educ. of Alcorn County v. Parents & Custodians of Students, 251 Miss. 195, 168 So.2d 814 (1964); County Bd. of Educ. of Jones County v. Smith, 239 Miss. 53, 121 So.2d 139 (1960).
The scope of review by the courts of the orders of administrative agencies performing executive or legislative functions of government is a limited one. In reviewing the order of a county board of education upon appeal to the circuit court, *623 the power of the court is limited to determining whether the order (1) was supported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the board to make; or (4) violated some statutory or constitutional right of the complaining party. County Bd. of Educ. of Jones County v. Smith, supra.
The essential nature of such review is such that it must be of what the board had before it at the time it made its order. If the circuit court granted appellants a trial de novo, the review would not be of what the board of education had before it, and would result in the court exercising original authority to perform a legislative function contrary to constitutional limitations. California Co. v. State Oil & Gas Bd., 200 Miss. 824, 27 So.2d 542, 28 So.2d 121 (1946). The trial court in the instant case correctly held that appellants were not entitled to a trial de novo. This proposition was set at rest in City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951), and in California Co. v. State Oil & Gas Bd., supra. The Davidson case involved an order of a civil service commission which had approved executive action of the City of Meridian in discharging a policeman, and it was held that the legislature was without power to provide for a trial de novo before a jury because there was no proper function for a jury to perform.
The limitations on the scope of judicial review of the orders of administrative agencies require this Court to hold that the provisions of Mississippi Code Annotated section 6334-05 (Supp. 1964), providing for a trial de novo before a jury, are unconstitutional and invalid. The remaining part of this statute providing for appeals is valid. California Co. v. State Oil & Gas Bd., supra. Our decision in this case and the precedents we follow in making it are based on the distribution of powers as provided by the Mississippi Constitution. Article 1, section 1 is as follows:
The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Article 1, section 2 provides in part as follows:
No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. * * *
We are of the opinion that the statute providing for appeals from the county board of education to the circuit court, Mississippi Code Annotated section 6334-05 (Supp. 1964), is sufficiently broad to allow making a stenographic record of the testimony and the certification of a transcript of such testimony by the county board of education to the circuit court, or to authorize the county board of education to allow a bill of exceptions. The statute states that "it shall be the duty of the county board of education to transmit promptly to the court a certified copy of the entire record of the proceedings as shown by the file of the county board of education." In McLeod v. Civil Serv. Comm'n, 198 Miss. 721, 21 So.2d 916 (1945), this Court affirmed the action of the circuit court in sustaining a motion to strike from the record the transcript of the evidence heard by the Civil Service Commission because the statute did not provide for making the transcript of the evidence before the Civil Service Commission a part of the record on appeal to the circuit court. In City of Meridian v. Davidson, supra, the Court expressly overruled this part of the decision in the McLeod case.
We are of the opinion that it is the duty of the person appealing from an order of the county board of education to take the necessary steps to preserve the *624 record of the facts or circumstances upon which he intends to base a reversal of the order by the circuit court.
Appellants contend that there should have been an election to determine whether the Agricola High School Attendance Center and the Rocky Center High School Attendance Center should be abolished or discontinued. An election may be called in connection with the reconstruction of the school districts of the county and the abolition of school districts under the provisions of Mississippi Code Annotated section 6274-06 (Supp. 1964); however, the order of the County Board of Education involved in this appeal was not under that section of the Code because the county had already reorganized the school districts into one county-wide district in 1956. The order appealed from was entered pursuant to the provisions of Mississippi Code Annotated section 6328-05 (Supp. 1964), which authorized the board, among other things, to do the following:
* * * The board of trustees or other governing body of any school district shall have the power and authority to designate the locations for school buildings and attendance centers in the school district subject to its jurisdiction and to change, alter, or abolish the location of such school buildings and attendance centers from time to time as may be required by the educational needs of such school district. * * *
The county board of education in counties where there is a county-wide school district, as is the case in George County, is also the board of trustees of the county-wide school district. There is no provision for an election concerning that done by the George County Board of Education under the aforementioned section of the Code.
Appellants contend that the school law should be declared unconstitutional. We are of the opinion that there is no merit in this argument, and we do not think it requires comment.
The other assignments of error are without merit.
Affirmed.
All Justices concur.