222 So.2d 664 (1969)
MISSISSIPPI STATE TAX COMMISSION
v.
MISSISSIPPI-ALABAMA STATE FAIR.
No. 45347.
Supreme Court of Mississippi.
May 12, 1969.
Rehearing Denied June 2, 1969.
Taylor Carlisle, James E. Williams, Jackson, for appellant.
Thomas Y. Minniece, Meridian, for appellee.
RODGERS, Justice:
The legal question presented to the Tax Commission in this case was whether or not the Mississippi-Alabama State Fair, Inc. was a "private fair" or a "county, State or community fair" within the meaning of section 9083, Mississippi Code 1942 Annotated (Supp. 1968). The Mississippi State Tax Commission contends on appeal that the fair is a "private fair" and not such a "community fair" as is exempt from taxation under the foregoing Code section.
The appellee, Mississippi-Alabama State Fair, hereafter referred to as the Fair, was incorporated on the 31st day of December 1962 as a non-profit, non-share corporation with no dividends allowable. The corporation had three officers: A. Lloyd Royal, Sr., President; A. Lloyd Royal, Jr., Vice President; and Mrs. Ann B. Royal, Secretary-Treasurer. Since its incorporation the Fair has operated an annual fair in Meridian, Mississippi. It charges an admission for entrance to the fair. The Mississippi State Tax Commission *665 levied an amusement privilege license tax assessment against the Fair based upon the admission charges for the year 1965-66, under authority of section 9057, Mississippi Code 1942 Annotated (Supp. 1968), at the rate of 1¢ for each 10¢ collected as admission charges.
The Mississippi State Tax Commission (hereafter called Tax Commission) and the Fair entered into a stipulation at the hearing before the Tax Commission that the statutory requirement of a transcript of the testimony of the hearing before the Commission was thereby waived, and it was agreed that if an appeal were taken by either party, from the action of the Commission under sections 9075 and 9080, Mississippi Code 1942 Annotated (1952), to the Circuit Court, the trial on appeal would be de novo in the Circuit Court.
Thereafter, the Tax Commission heard the testimony presented before it and entered an order determining that the Mississippi-Alabama State Fair was not such a "county, State or community fair" as is permitted to be exempt from taxation under authority of section 9083, Mississippi Code 1942 Annotated (Supp. 1968). The Fair appealed to the Circuit Court of Lauderdale County, Mississippi, where the case was tried anew pursuant to the agreement to try the case "de novo." Evidence was introduced before the Circuit Judge, who considered the evidence and entered an order deciding the issue on the weight of the evidence introduced in the Circuit Court.
When the record on appeal reached this Court and it was discovered that the case had been retried in the Circuit Court on the issue presented to the Tax Commission, this Court required briefs on the question of the de novo hearing by agreement in the Circuit Court on appeal from an administrative agency. The Tax Commission and the Fair filed their briefs in compliance with this request. Both parties, however, agreed in their briefs that jurisdiction to hear an appeal to the Circuit Court from an administrative order could be had de novo in the Circuit Court on evidence offered in that Court. This conclusion is incorrect.
Section 9075, Mississippi Code 1942 Annotated (1952) provides the method of an appeal from a decision of the Tax Commission on the revocation of permits, and this section is made applicable to the issue involved here by section 9080 of the Code. The pertinent parts of section 9075 are as follows:
"* * * the person aggrieved may * * * appeal to the circuit court of the county where such place of amusement was conducted; such appeal shall be taken in the form of objections and exceptions to the order of the Commission, which shall be accompanied by the records of the Commission, and a transcript of the testimony before said Commission, in the case, which shall constitute the record in the circuit court * *." [Emphasis added]
Our Constitution does not permit the judiciary of this state to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state. *666 See Loftin v. George County Board of Education, 183 So.2d 621 (Miss. 1966); City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951); California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542 (1946), suggestion of error overruled, 200 Miss. 824, 847, 28 So.2d 120 (1946).
We are cognizant of our holding in the cases cited under section 1196, Mississippi Code 1942 Annotated (1956) (Hemingway's Code 1927 § 61), such as Stuart v. Board of Supervisors, 195 Miss. 1, 11 So.2d 212 (1943), and Knox v. L.N. Dantzler Lumber Company, 148 Miss. 834, 114 So. 873 (1927), in which this Court said that the appeal from the agencies therein mentioned to the Circuit Court would entitle the appellant to a new trial or trial de novo in the Circuit Court, on the merits. Board of Supervisors of Jones County v. Laurel Mills, 130 Miss. 454, 94 So. 448 (1922). These cases are not in point here for two reasons: (1) The appeal in the instant case is under an entirely different section of the Code; and (2) the appeal proceedings under section 1196, Mississippi Code 1942 Annotated (1956) are said to be judicial rather than administrative. (Hattiesburg v. First National Bank, 8 F. Supp. 157 (S.D.Miss. 1934).) Moreover, this Court has not had an opportunity to reevaluate the holdings in these cases in the light of modern administrative law.
Many years ago (1913), this Court began to recognize the constitutional limitation surrounding an appeal from an administrative agency to the judiciary of this state. The Court pointed out that an appeal made directly to the Supreme Court of Mississipi was invalid, and that an appeal to the Circuit Court from an administrative agency was limited to determining "reasonableness" and "lawfulness" of the order of the administrative agency. See Illinois Central R.R. v. Dodd, 105 Miss. 23, 61 So. 743, 49 L.R.A.,N.S. 565 (1913).
In the case of City of Meridian v. Davidson, supra, this Court cited the case of California Company v. State Oil & Gas Board, supra, and in discussing the right of an appellant to a de novo hearing in the Circuit Court under the authority of a legislative act, this Court said:
"Such a trial is beyond the constitutional power of the Legislature to order where there is to be reviewed in the circuit court the action of a commission in the exercise of a purely executive or administrative function. In order that we may uphold the constitutionality of the Act in question, it is essential that the circuit court be limited, as was done by the express language of the Act, to the judicial function of determining whether or not the judgment of the commission had such a basis in substantial evidence as not to affirmatively show that the commission had acted in bad faith or without cause, and on which issue the employee carried the burden of appellant to the circuit court." 211 Miss. at 692-693, 53 So.2d at 52.
In the case of Loftin v. George County Board of Education, 183 So.2d 621 (Miss. 1966), we again pointed out that the powers of government under our Constitution are divided into three distinct departments, and that persons acting or belonging to one of such departments is prevented from exercising power in any other department. We said:
"The scope of review by the courts of the orders of administrative agencies performing executive or legislative functions of government is a limited one. In reviewing the order of a county board of education upon appeal to the circuit court, the power of the court is limited to determining whether the order (1) was supported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the board to make; or (4) violated some statutory or constitutional right of the complaining party." 183 So.2d at 622-23.
We are therefore confronted with the question: Can the administrative agency, *667 the Tax Commission, and a taxpayer, in a hearing before the Commission, do that which the Legislature has no power to do and has not done, that is to say, by an agreement confer jurisdiction upon the circuit court to retry, de novo, the issue of the assessment and collection of taxes required to be determined by the Tax Commission? The answer to that query is, of course, in the negative.
The method of appeal to the circuit court is clearly expressed in section 9075, Mississippi Code 1942 Annotated (1952), above quoted. Upon appeal to the circuit court, it is the function of the court to determine whether or not the Commission had the authority to do what it did, under the law, and whether or not it acted lawfully in performing its administrative function in accord with the rules.
In the instant case there is no "transcript of the testimony before said Commission," and since we may not consider the evidence given in a de novo hearing, the only record we have which has been properly appealed to this Court is the order of the Tax Commission denying the claim of the taxpayer to an exemption under the amusement tax assessment. The judgment of the Circuit Court on the de novo hearing must therefore be set aside and judgment entered here affirming the order of the Tax Commission.[1]
The judgment of the Circuit Court is hereby reversed, and the order of the Mississippi State Tax Commission levying an amusement privilege tax based upon admissions collected by the Mississippi-Alabama State Fair be and it is hereby reinstated and affirmed.
Judgment of Circuit Court of Lauderdale County Reversed; order of the Mississippi State Tax Commission reinstated and affirmed.
ETHRIDGE, C.J., and JONES, SMITH and ROBERTSON, JJ., concur.
NOTES
[1] Out of an abundance of caution, however  and in view of the statement in both briefs that the testimony in the Circuit Court was in effect the same as that had before the Tax Commission  we have examined the entire transcribed record, and we are convinced that the Tax Commission acted properly in making the assessment. We are convinced that the taxpayer, Mississippi-Alabama State Fair, is not entitled to the exemption claimed under the authority of section 9083, Mississippi Code 1942 Annotated (Supp. 1968).