GILLESPIE, Chief Justice: -
This is an appeal by the Mississippi Game & Fish Commission (hereinafter Commission) from the Chancery Court of Jasper County reversing an order of the Commission and the Governor of the State of Mississippi, and reinstating Oree D. Ainsworth to his position with the Commission.
The Commission ordered Ainsworth transferred from the position of assistant manager of the Tallahala Game Management Area to manager of the Sunflower Game Management Area. Ainsworth refused to transfer, whereupon a hearing was had before the Commission in accordance with Mississippi Code Annotated section 49-1-23 (1972), resulting in an order recommending to the Governor that Ains-worth be dismissed from employment with the Commission. The Governor thereupon ordered Ainsworth dismissed. Ainsworth appealed to the Chancery Court of the Second Judicial District of Jasper County, where the case was heard on the record made before the Commission. That court *812 found that the Commission acted without authority, its order was not supported by sufficient evidence, and was manifestly arbitrary and capricious. The court reinstated Ainsworth to his position as assistant manager of the Tallahala Game Management Area, together with salary from the date of discharge.
Avery Wood, Director of Conservation for the Commission, recommended Ains-worth to fill a vacancy in the Sunflower Management Area. The Commission agreed and notified Ainsworth, of its decision on October 11, 1973. Mr. Wood testified at the hearing before the Commission that there was nothing unusual about promoting an assistant area manager to area manager and at the time Ainsworth was recommended for transfer, the Commission had approximately four assistant area managers. Wood was of the opinion that it would be an economic advantage to the Commission to transfer someone from the Tallahala Area rather than to hire a replacement outright, and he stated that he planned to recommend to the Commission that the position held by Ainsworth at Tal-lahala Area be not filled after the transfer.
The Commission has no written policy or procedures for recommending promotions or transfers. Wood testified that no political pressure had been brought on him to fire Ainsworth and specifically denied that any politician or outside persons had come to him recommending that he fire Ains-worth. On the other hand, he had had some people come to him and ask him not to transfer Ainsworth.
Ainsworth’s duties covered a multi-county area in the Tallahala Management Area, and would likewise cover a multi-county area if he had accepted the position of manager of the Sunflower Management Area.
Ainsworth testified that when he was officially informed of the transfer he did not know whether he would accept the promotion and transfer because he did not know what the housing situation was; that he made three trips to the Sunflower Management Area and could not find a place to live, although he could find a place at Vicksburg; that after being told he could not work out of the headquarters of the Sunflower Management Area, he decided not to take the position. He admitted that his sole objection to the transfer was that it would cause him personal inconvenience. He further testified that an attorney at Bay Springs called him and told him that three or four people that Ainsworth had arrested in and around Bay Springs “were out to get him.” Ainsworth identified the Governor’s campaign manager in Jasper County as being one of those who wanted him fired. He also stated that a state representative threatened to have him fired because of Ainsworth’s insistence on enforcing the game laws. Two other witnesses testified that they had been told by two different parties that they “were out to get Ainsworth’s job.” There is no proof in the record that any of the parties mentioned by Ainsworth or his witnesses contacted the Commission or any of Ains-worth’s superiors with reference to either firing or transferring him to another area. There was no testimony that the Commission or any of the employees of the Game and Fish Commission knew of anyone trying to bring political pressure to get Ainsworth fired or transferred.
The case presents the following questions for decision:
1. Does Mississippi Code Annotated section 49-1-23 (1972) require the personal attendance of the Governor at the fact-finding hearing before the Commission?
Section 49-1-23, in effect at that time, is as follows:
(1) During the period of the first twelve (12) months after appointment, any employee of the game and fish commission shall be subject to dismissal for just cause at the discretion of the com *813 mission. After twelve (12) months service, no employee of the commission shall be subject to dismissal unless charges have been filed with the commission to the governor, showing cause for dismissal of the appointee as an employee of the game and fish commission. A date shall be set for hearing before the commission and the governor and the employee notified in writing of the date of such hearing and of the charges filed. The hearing shall be held not less than ten (10) days after notification to the employee. After hearing, at which the employee shall be entitled to legal counsel, a written order of the governor shall be necessary for dismissal and his decision shall be final, unless the employee shall appeal to the chancery court of the county of his residence within fifteen (15) days after receipt of notice of the final decision of the governor. Any such order of the governor shall be a public record and entitled to inspection as such.
(2) The commission shall have the power to remove, to suspend without pay, to reduce in rank any warden, and to act as a trial board in hearing and passing upon charges against wardens.
Ainsworth contends that the Governor is required to be in personal attendance at the hearing because the statute states “A date shall be set for hearing before the Commission and the governor and the employee notified in writing of the date of such hearing and of the charges filed.” We are of the opinion that the hearing is before the Commission and not before the Commission and the Governor. The sentence in question requires the Governor and the employee to be notified in writing of the date of such hearing and of the charges filed, but it does not require the Governor to be present in person at the hearing. The Governor’s representative was at the hearing and this is sufficient even if the statute had required the Governor to attend.
2. Was the decision of the Commission and the order of the Governor arbitrary and capricious ?
The evidence on behalf of Ainsworth raises no more than a suspicion that political pressure was brought to bear to transfer Ainsworth out of the Tallahala Area. It is true that according to Ainsworth and his witnesses two persons of considerable political importance stated that they were "out to get Ainsworth fired.” But there is no proof whatever that these threats were communicated to the Commission, the Governor, or to any of Ainsworth’s superiors.
The Commission must have authority to transfer its employees, especially management area personnel, where they are needed and there is ample evidence in this record to justify the Commission in finding that the services of Ainsworth were needed in the Sunflower Area which required his transfer.
The review by the courts of the actions of administrative or executive agencies is stated in many cases, including Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664 (Miss.1969), as follows:
Our Constitution does not permit the judiciary of this state to retry de novo matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal designated to hear the appeal. The appeal is a limited one, however, since the courts cannot enter the field of the administrative agency. The court will entertain the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evi *814 dence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. This rule has been thoroughly settled in this state. See Loftin v. George County Board of Education, 183 So.2d 621 (Miss.1966); City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951); California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542 (1946), suggestion of error overruled, 200 Miss. 824, 847, 28 So.2d 120 (1946). [222 So.2d at 665, 666].
Therefore, we hold that the order of the Commission and the action of the Governor in dismissing Ainsworth because he declined to transfer was not arbitrary or capricious, was within the statutory authority of the Commission, and in every respect met the test set out in the cited authority.
3. Finally, it is contended that the following sentence contained in section 49-1-13, in effect at that time, prevented the Commission from having the authority to make the transfer: “The warden appointed in each county shall be an actual bona fide resident citizen of such county.” We find it unnecessary to decide whether this sentence prevents the Commission from transferring wardens. The statute, in effect at that time, provided for game wardens and management area personnel. Miss.Code Ann. § 49-1-17 (1972). Game Management Area personnel work in mul-ti-county areas and cannot be limited to work in any particular county.
For the reasons stated, the judgment of the court below is reversed and judgment rendered here reinstating the order of the Commission and the Governor discharging Ainsworth.
Reversed and order of the commission and governor reinstated.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ.,-concur.