I concur in that part of the opinion which reverses the judgment below, but dissent as to that part of the opinion that directs the trial court to order the Alabama Board of Medical Examiners to grant Dr. Benton the certificate she seeks.
Code 1975, § 20-2-53, states that "a complete transcript of the record upon which the order complained of was entered" shall be filed with the trial court but that the "case shall, however, be tried and heard by the court de novo with any party being permitted to introduce new or additional evidence." InBall v. Jones, 272 Ala. 305, 132 So.2d 120 (1961), this Court defined the requirements of de novo review:
 "It is hardly necessary to comment on the meaning of a trial de novo. A trial de novo, within the common acceptation of that term, means that the case shall be tried in the Circuit Court as if it had not been tried before, and that that court may substitute its own findings and judgment for that of the lower tribunal. Or as stated in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407
[1928]:
 "`[W]hen an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, . . . a trial de novo means a new trial "as if no trial had ever been had, and just as if it had originated in the circuit court."'
 "See also, Vinyard v. Republic Iron Steel Co., 205 Ala. 269, 87 So. 552 [1921]; California Co. v. State Oil Gas Board, 200 Miss. 824, 27 So.2d 542, 544 [1946]."
Section 20-2-53 does not require a "pure" de novo hearing. The trial court can examine the transcript of the record, hear new or additional evidence, and then make its own findings of fact. It is a de novo hearing in that the trial court is in no way bound by the Board's prior findings, but procedurally it differs from a pure de novo hearing in that the trial court need not start from scratch.
The trial court's order indicates that the transcript of the record was reviewed, as well as evidence presented at trial. However, it goes on to state that the Board's order was not "arbitrary or unreasonable." This statement indicates that the trial court did not make an independent finding of facts. While it may well be true that the trial court did make an independent finding of fact and that by the use of the words "arbitrary or unreasonable" the trial court meant to say that the Board's findings were correct there is enough doubt as to the standard of review employed to warrant in the interest of fairness and justice a new trial.
While the opinion of the majority states that this case is "reversed and remanded with directions," the effect of that opinion is to render a judgment awarding Dr. Benton the unrestricted certificate she seeks. The trial court, having an opportunity to hear oral testimony and judge the credibility and demeanor of the various witnesses, is in a much better position to make critical findings of fact than is this Court, which must base its conclusions solely upon the contents of a cold and impersonal record.
Therefore, it is my opinion that this case should be remanded not with directions to the Board of Medical Examiners to grant Dr. Benton an unrestricted Alabama controlled substances certificate, but to the *Page 240 
trial court for a factual determination of whether she is so entitled.