IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2024-SA-00288-COA

KENT MALONE-BEY                                                                APPELLANT

v.

MISSISSIPPI STATE BOARD OF HEALTH AND                          APPELLEES
DOROTHY K. YOUNG

DATE OF JUDGMENT:              02/26/2024
TRIAL JUDGE:                        HON. CHARLES E. SMITH
COURT FROM WHICH APPEALED:   LAUDERDALE COUNTY CHANCERY
                                    COURT
ATTORNEY FOR APPELLANT:       KENT MALONE-BEY (PRO SE)
ATTORNEYS FOR APPELLEES:      ROBERT JAMISON BAREFIELD III
                                    KRISTI DUNCAN KENNEDY
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                    AFFIRMED - 03/04/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Kent Malone-Bey identifies as "Moorish American."  He filed a petition in the Lauderdale County Chancery Court seeking to require the State Board of Health to amend his birth certificate to designate his race as "white: Asiatic/Moor."[1]  Malone-Bey's petition acknowledged that "[t]he current Mississippi Live Birth Certificate does NOT include[] [the] child's Race or Nationality."  Following a hearing, the chancery court denied the petition, finding that the court did "not have the legal authority to grant the relief [Malone-Bey]

---

      [1] Pursuant to Mississippi Code Annotated section 41-57-23 (Rev. 2023), a person may file a petition, naming the Board of Health as a respondent, to correct errors or omissions or change certain information on his or her birth certificate.

requested," i.e., "<u>adding additional information on [his] birth certificate as to his race and nationality</u>." Malone-Bey appealed. For the reasons discussed below, we affirm.

¶2. The Legislature has authorized the Board of Health to "formulate and promulgate rules and regulations for the proper reporting and registration of . . . vital statistics, prescribing the method and form of making such registration." Miss. Code Ann. § 41-57-7 (Rev. 2023). Pursuant to its authority, the Board has prescribed an official form for reporting live births and provided that no other form may be used. 15 Miss. Admin. Code Pt. 5, Subpt. 85, R. 1.9.1 & 1.9.2.

¶3. As Malone-Bey acknowledges, the official Board-approved Certificate of Live Birth does *not* identify the child's race or nationality—only the parents' races. Therefore, the chancery court correctly ruled that it lacked the authority to grant the relief Malone-Bey requested. A chancery court may correct errors and omissions and make certain changes to the categories of information included in a birth certificate, *see* Miss. Code Ann. § 41-57-23, but the court lacks the authority to require the Board to amend the certificate to include additional categories of information. As the Board aptly notes, "Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency." *State Tax Comm'n v. Earnest*, 627 So. 2d 313, 320 (Miss. 1993) (quoting *State Tax Comm'n v. Miss.-Ala. State Fair*, 222 So. 2d 664, 665 (Miss. 1969)).

¶4. On appeal, Malone-Bey argues that the Board's refusal to add his self-identified race and nationality to his birth certificate violates his rights to exercise his religion, to due process of law, and to equal protection of the laws. He asserts that "[t]he inability to

recognize this information on [his] birth certificate impedes his full expression of his identity." He further asserts that the Board is "discriminating against [him] or placing undue burdens on him due to his religious beliefs or status" and has "denied [him] the ability to fulfill religious obligations and affirm his identity."

¶5.     These arguments are without merit. The Board is in no way "discriminating against" Malone-Bey. To the contrary, the Board's approved Certificate of Live Birth does not identify the race, nationality, or religion of *any child*. The Board has not treated Malone-Bey different from anyone else. The Board has treated him just like everyone else.

¶6.     Moreover, in *Bowen v. Roy*, 476 U.S. 693 (1986), the United States Supreme Court rejected an analogous claim that the federal government's use of a Social Security number to identify a child would harm the child's "spirit" and impair her parents' right to exercise their religion. *Id.* at 700. The Court explained that the First Amendment has never been

> interpreted . . . to require the Government *itself* to behave in ways that the individual believes will further his or her spiritual development or that of his or her family. The Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens. Just as the Government may not insist that appellees engage in any set form of religious observance, so appellees may not demand that the Government join in their chosen religious practices by refraining from using a number to identify their daughter. The Free Exercise Clause is written in terms of what the government cannot do to the individual, not in terms of what the individual can extract from the government.

*Id.* at 699-700 (quotation marks and brackets omitted). Likewise, no constitutional provision or law requires the State to revise the standard form it uses to record all live births "in ways that comport with [Malone-Bey's particular] religious beliefs." *Id.* at 699. "Just as the

3

[State] may not insist that [Malone-Bey] engage in any set form of religious observance, so [Malone-Bey] may not demand that the [State] join in [his] chosen religious practices by" adding new categories of information to the State's records. *Id.* at 699-700.

¶7. In summary, the chancery court correctly ruled that it lacked authority to add new categories of information to Malone-Bey's birth certificate, and neither the Board nor the chancery court violated Malone-Bey's constitutional or civil rights.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**