PATTERSON, Justice.
These cases are on appeal from the Circuit Court of the First Judicial District of Hinds County. From judgments which reversed the orders of the Mississippi Insurance Commission, the Commission appeals to this Court. Since the facts in both cases are undisputed and the principles of law are basically the same, the cases have been consolidated on appeal.
Both causes arose when the Insurance Commission ordered the appellees to appear at a hearing and show cause why certain “multi-line coverage” insurance policies, which had previously been approved for use in Mississippi, should not be disapproved for further use. It was stipulated that the hearing was held pursuant to Mississippi Code 1942 Annotated section 5834— 10 (1956), and that any of the parties might appeal an adverse decision of the commission. The purpose of the hearing was to determine whether multi-line insurance policies which contained a fraud clause known as Exclusion No. 9 were violative of certain rules and regulations of the Insurance *330 Commission. The policies in question were known as Special Multi-Peril 180, 302, 402 and 402(A).
A “multi-line” policy is one which contains a combination of both fire and casualty insurance coverage. The policies involved in these two causes were made up of a basic standardized fire insurance policy with a special attachment which provided for casualty coverage. Once the two policies were combined each became subject to the terms of the other. None of the provisions of the fire policy was objectionable to the commission. The casualty attachment, however, contained a fraud clause with restrictive provisions not present in the standard fire policy exclusionary clause which resulted in a reduction in overall policy coverage. The standard fraud clause generally provides for non-liability of the insurer in cases where fraud is perpetrated by the insured or at his instigation. The fraud clause known as Exclusion No. 9 provided, in addition, for non-liability of the insurer in cases where fraud was perpetrated by individuals other than the insured.
The Insurance Commission is given the power to regulate fire insurance policies by virtue of Mississippi Code 1942 Annotated sections 5816 through 5834 (1956 and Supp. 1966), known as the Fire Rating Act of 1942 as amended. Under Section 5816 (Supp.1966) it has the authority to approve or disapprove rates charged for premiums on all fire insurance policies issued in this state. This section provides in part as follows :
All stock fire insurance companies licensed to transact the business of fire insurance in this State shall file and keep on file with the Insurance Commission a schedule of rates of premiums for contracts of indemnity against the risk of loss or damage by fire or lightning on property in this State, which rates, in all cases, shall be a fixed percentage of the amount insured by the policy, and fixed and established under the provisions of this act, * * * and such premiums shall be uniform for all licensed stock fire contracts for all risks rated under the same schedules and classifications. Before applying any schedule of rates or changes or amendments thereto the same shall be approved by the Insurance Commission which shall approve same in whole or in part if it deems such schedule or changes or amendments thereto as fair and just to the people of the State and compensatory to the insurance companies doing business in this State, and in line with the rates of insurance charged by the said companies in other states, taking into consideration all factors of the cost of insuring * * *.
All stock fire insurance companies operating in this state are required to belong to and maintain a rating bureau under Mississippi Code 1942 Annotated section 5817 (1956). All fire insurance rates are reported jointly by this bureau and any deviation in rates is subject to approval on an individual basis. Rates are based on the conflagration hazard to and protection against fire to property in this state. Statistics must be kept by each company under Section 5825 (Supp.1966) on profits and losses and filed annually. If it appears that the insurers doing business in this state have made an aggregate profit higher than what is considered fair and reasonable, the rates must be adjusted accordingly.
Casualty insurers on the other hand come under the control of the Insurance Commission by virtue of Mississippi Code 1942 Annotated sections 5834-01 through 5834— 26 (1956 and Supp.1966), known as the Casualty Rating Law of 1946 as amended. Section 5834 — 03 requires that each insurer file all prospective rates with the commission, but allows such to be done either through a rating bureau or on an individual basis. This section states in part:
Every casualty insurance company shall file with the commission every manual of classifications, rules and rates, every rating plan and every modification of any of the foregoing which it proposes to use. Every such filing shall *331 state the proposed effective date thereof and indicate the character and extent of the coverage contemplated and shall be accompanied by the information upon which the insurer supports the filing.
Under Section 5834-02 (1956), rates must be proposed and approved on the basis of past and prospective loss and country-wide expense experience in the field, including the catastrophe hazard both within and without this state.
Since there is no specific statute which provides for regulation of insurance policies involving both casualty and fire insurance coverage, i. e., the multi-line policies, the commission found it necessary to promulgate its administrative rules of 1956. The rules were adopted pursuant to Section 5816 (Supp.1966) and Section 5834-07 (1956) which vest the Insurance Commission with the power to enact necessary rules and regulations. By enacting these regulations the commission sought to carry out the provisions of both the fire and casualty statutes and to somehow harmonize the two.
It should be remembered that one of the primary functions of these rules was to separate fire from casualty coverage to an extent which would allow the necessary statistics to be gathered on each. The authority of the commission to enact such administrative regulations was upheld in Insurance Co. of North America v. Insurance Comm., 237 Miss. 759, 116 So.2d 224 (1959).
Rule No. I of the Rules of 1956 provides that all multi-line policies shall provide a scope of coverage at least equal to that provided by the standard Mississippi Fire Policy and Extended Coverage Endorsement. While there is no such policy set up by statute, the industry generally recognizes that the standard New York Fire Policy is the one referred to. When the hearing was held on the multi-peril policies involved here, the commission found that Exclusion No. 9 substantially reduced the amount of fire coverage provided with no corresponding reduction in rate or premium charged. Since such reduced coverage was a direct violation of Rule No. I, the policies were disapproved for further use in this state.
The Mississippi State Rating Bureau and the Multi-Line Insurance Rating Bureau appealed the decisions of the Insurance Commission to the Circuit Court of Hinds County. Their basic contentions were as follows:
a. The commission exceeded its rule-making power when it enacted Rule No. I of the Rules of 1956.
b. The authority of the Insurance Commission was limited to approval or disapproval of rates and did not extend to regulation of forms.
c. Coverage provided by the multi-peril policies in question was not only equal to but exceeded coverage provided by the Standard Fire Policy.
d. The expanded fraud provisions of Exclusion No. 9 are actually in the public interest.
The circuit court ruled that the Insurance Commission had erred and reversed its decisions in both causes. The judge stated in his opinion that under the applicable law the commission had no authority to enact Rule No. I of the 1956 rules and therefore had no power to approve or reject specific forms used for fire and casualty insurance policies. In short, he felt the commission “ * * * may say that rate is too high or too low for coverage granted, but they cannot say that elements of coverage must be adjusted to meet a certain rate.” In addition to his findings of law, he found as fact that the rejection of the multi-line policies was not warranted by the evidence since these policies provided a wider range of coverage than standard policies and therefore warranted a more restrictive fraud clause.
Accordingly, a judgment was entered which approved the Special Multi-Peril *332 forms in question for use in this state. From this decision the Insurance Commission appeals to this Court and assigns the action of the circuit court in overruling its decisions in both causes as error. It maintains that the decisions of the commission were authorized by the law and supported by the overwhelming weight of the evidence. In support of its assignment of error the appellant develops four basic arguments. The position of the appellees is basically the same as that taken when this cause was on appeal to the Hinds County Circuit Court. Since appellees’ arguments are set out earlier in this opinion they will not be discussed here.
The first argument of the appellant is that the Insurance Commission was specifically vested with authority under the applicable statutes to issue the rules and regulations of 1956. We are in accord with this proposition.
Section 5816, supra, speaking in regard to the Fire Rating Law specifically provides that the commission shall have the authority to “ * * * make such rules and regulations as may be necessary to carry out the provisions of this act. * * * ” The commission has also been granted a like power in regard to the Casualty Insurance Act. Section 5834-07(b) provides in part:
The commission may make reasonable rules and regulations necessary to effect the purposes of this act. * * *
In Insurance Co. of North America, supra, the authority of the commission to use its rule-making power was questioned. In that case the respondents had challenged the authority of the commission to enact Rule No. IV of the Rules of 1956 which required that fire and extended coverage rates be set forth separately as independent components in all multi-line policies and that each company should maintain separate premium and loss statements on each portion of the policy. This Court stated in regard thereto:
Finally, the Insurance Commission is vested with the power to “make such rules and regulations as may be necessary to carry out the provisions of this article.” 237 Miss, at 771, 116 So.2d at 228.
We see no reason why our former opinion in this regard should be modified now. It is evident from the wording of Sections 5816 and 5834-07(b) that the legislature intended that the Insurance Commission should have ample power to effectively administer the statutes controlling fire and casualty insurance. To hold that the commission did not have the power to enact Rule No. I of the Rules of. 1956 would require an extremely narrow construction of the applicable statutes and a reversal of our position in Insurance Co. of North America, supra. Therefore, we are of the opinion that the Insurance Commission was specifically vested with the power to enact its administrative rules and regulations of 1956.
The second point raised by the appellant urges that the Insurance Commission is specifically granted authority by statute to approve or disapprove the forms used in multi-peril insurance policies. It relies primarily on the wording of Mississippi Code 1942 Annotated section 5834-03 (1956), (Casualty Rating Law), which states as follows:
(a) Every casualty insurance company shall file with the commission every manual of classifications, rules and rates, every rating plan and every modification of any of the foregoing which it proposes to use. Every such filing shall state the proposed effective date thereof and indicate the character and extent of the coverage contemplated and shall be accompanied by the information upon which the insurer supports the filing. (Emphasis added.)
******
(c) The commission shall approve any filing made pursuant to this section which meets the requirements of this act. As soon as reasonably possible *333 after the filing has been made the commission shall in writing approve or disapprove the same; provided, that any filing shall be deemed approved as of the date filed unless disapproved within thirty days. In the event that the commission disapproves a filing it shall specify in writing in what respect it finds that such filing does not meet the requirements of this act.
And Section 5821 (Fire Rating Act), which provides:
The rating bureau is required to answer any inquiries that may be made by the insurance commission touching its organization, maintenance or operation, or any other matter connected with its transactions, and said commission may require the filing of forms, regulations, and such other information as the commission may deem proper, and it shall be the duty of such bureau to promptly make reply to such inquiries, in writing, and to furnish the information requested by the insurance commission, whose duty it shall be to approve same, if not inconsistent with the laws of this state. (Emphasis added.)
It is evident from the wording of these statutes that the commission is vested with the power to require insurance companies to file copies of and information concerning the forms they intend to use in various fire and casualty policies. However, after due consideration of these sections, we are of the opinion that they do not directly confer any power on the Insurance Commission to approve or disapprove the form of insurance policies as such. Any grant of such authority must come about strictly as a result of the power of the commission under Sections 5816 and 5834— 07, supra, to make necessary rules and regulations for the administration of the Fire Rating Act and the Casualty Insurance Act. Therefore, this argument is not well taken.
The third argument of the appellant is concerned primarily with a justification of the manner in which the commission has chosen to exercise its rule-making power. The crux of its argument is that rate charged and coverage provided are so inextricably interrelated that rate cannot be regulated without also regulating form. They point out that if some minimum standard is not set for coverage, that comparisons of rate, coverage and risk involved will become an administrative impossibility.
We are cognizant of the fact that the members of the Mississippi Insurance Commission are specialists in an extremely complicated field and are in a much better position than this Court to determine the manner in which they carry out their administrative duties. As discussed, supra, we are of the opinion that appellant has been granted the power by statute to enact appropriate rules and regulations for administration of the fire and casualty laws. In the absence of a showing of capricious or arbitrary action on the part of the commission this Court feels compelled to abide by its decisions. Therefore, we must disagree with the holding of the lower court that the commission had no power to approve or disapprove the forms of the multi-line policies in question.
The remaining point urged by the appellant is that the circuit court exceeded the scope of its appellate jurisdiction in reviewing the decisions of the commission under the principles set forth in California Company v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542 (1946). Because of other errors which require a reversal of the decisions of the circuit court, we do not reach this point.
We are of the opinion that the arguments in support of the appellant’s assignment of error are, as discussed above, sufficient to require the cause to be reversed and the orders of the commission reinstated.
Reversed and the orders of the Insurance Commission reinstated.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.